STATE OF NEVADA, DEPARTMENT OF MOTOR VEHI-
CLES AND PUBLIC SAFETY, Appellant, v. RICH-
ARD PIDA, Respondent.

No. 20996

December 20, 1990                    803 P.2d 227

*Brian McKay,* Attorney General, Carson City; *Grenville T. Pridham,* Deputy Attorney General, Las Vegas, for Appellant.

*John G. Watkins,* Las Vegas, for Respondent.

# OPINION

*Per Curiam:*

On March 9, 1987, Officer Mitchell Spears of the Las Vegas Metropolitan Police Department received a report that a drunk driver was leaving the Lady Luck Casino. Officer Spears was in the area, and he observed a vehicle changing lanes without the use of turn signals. Officer Spears also noticed that the vehicle was following a van too closely. The vehicle almost rear-ended

the van when the van began to make a left turn. The vehicle then changed lanes abruptly, again without the use of turn signals.

Officer Spears stopped the vehicle and approached the driver. The driver identified himself as appellant, Richard Pida. Officer Spears asked Pida for his driver's license, registration and proof of insurance. Pida could not find any of these documents, but instead gave Officer Spears his bank statement. Officer Spears returned the bank statement to Pida and asked him to step out of his vehicle. Pida had trouble getting out of his vehicle, but he managed to do so. Pida had to lean on the patrol car, his speech was slurred, and he had trouble keeping his eyes straight on Officer Spears.

Officer Spears administered field sobriety tests, which Pida failed. Officer Spears then placed Pida under arrest and transported him to the Las Vegas City Jail. When asked which evidentiary test he wished to take, Pida selected the breath test.

At the jail, Officer Spears and another officer explained the breath test to Pida. Pida stated that he understood the test. When taking the test, however, Pida did not cooperate. He initially blew into the breathalyzer, but failed to continue. Officer Spears twice asked Pida if he would rather take a blood test, but Pida declined. Each time, the officers explained that if appellant did not cooperate, it would be deemed a refusal to take the test. After the third failure to complete the test, the officers decided to revoke Pida's driving privileges for failure to submit to an evidentiary test.

Accordingly, Officer Spears completed a form which ordered Pida's driving privileges revoked. Meanwhile, Pida was placed in confinement in the jail. Rather than serving Pida personally with the order of revocation, Officer Spears gave a copy of the order to a corrections officer. Officer Spears watched as the officer placed the document in Pida's property bag at the jail.

Thereafter, Pida made a timely request for an administrative hearing. Following a hearing on April 13, 1987, the hearing officer issued an order upholding the revocation of Pida's driving privileges.

Pida then petitioned the district court for judicial review. On February 16, 1990, the district court issued an order reversing the order of the hearing officer. The district court stated that the sole issue of concern was whether NRS 484.385(1)[1] requires that

---

[1]NRS 484.385(1) provides in part:

[T]he officer who directed that a test be given under NRS 484.382 or 484.383 or who obtained the result of such a test shall immediately serve an order of revocation of the license, permit or privilege to drive on a person who fails to submit to the test or has 0.10 percent or more by weight of alcohol in his blood, if that person is present . . . .

the order of revocation be personally served upon the party whose license is revoked. The district court concluded that NRS 484.385(1) requires personal service of the order of revocation if the person whose license is being revoked is present. The court found that appellant was present for the purpose of the statute, and that putting the order in Pida's property bag was not personal service. Consequently, the district court reversed the decision of the hearing officer.

The state contends on appeal that Pida was served when the corrections officer placed the order of revocation. into Pida's property bag. Alternatively, the state argues that even if Pida was not served, the district court should not have reversed the hearing officer's decision, because Pida failed to show that a substantial right had been prejudiced. *See* NRS 233B.135(3) ("[t]he court may remand or affirm the final decision or set it aside in whole or in part if substantial rights of the petitioner have been prejudiced . . . .").

We conclude, as did the district court, that NRS 484.385(1) requires personal service of the order of revocation. Placing the document in a prisoner's property bag does not amount to personal service. Nevertheless, we note that the district court's order of reversal did not discuss whether Pida's substantial rights had been prejudiced.

The record in this case reveals that Pida timely requested an administrative hearing after being released from jail. It is apparent, therefore, that he knew that his driving privileges had been revoked. Pida was represented by counsel at the hearing and was able to contest the order of revocation. Thus, this case proceeded just as if Pida had been personally served. We therefore conclude that under these particular facts, Pida was not prejudiced.[2]

Accordingly, we reverse the order of the district court, and remand for the district court to reinstate the revocation of Pida's driving privileges.

---

[2]We note that the state's brief asserts that police officers "uniformly put the order of revocation in the prisoner's property bag." This opinion should not be read as an approval of this practice.