THE STATE OF NEVADA, DEPARTMENT OF MOTOR VEHICLES AND PUBLIC SAFETY, Appellant, *v.* ELAINE LONG, Respondent.

No. 21210

March 6, 1991 806 P.2d 1043

[Rehearing denied May 2, 1991]

*Frankie Sue Del Papa,* Attorney General, Carson City; *Grenville T. Pridham,* Deputy Attorney General, Las Vegas, for Appellant.

*John G. Watkins,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Trooper Sigman stopped Respondent Elaine Long when she inched her vehicle into the intersection while the traffic signal was red, in violation of NRS 484.283(7)(a).[1] When Sigman smelled alcohol on or about Ms. Long, he administered several sobriety tests. Long failed the tests, so Sigman arrested her. He later testified that upon arrest, he advised Long of her rights and the consequences if she failed to submit to a breath or blood test. She refused to take either test, and her driver's license was subsequently revoked.

The DMV held an administrative hearing, and the hearing officer upheld the revocation of Long's license for a period of one year. Long appealed to the district court, which reversed the agency decision and reinstated Long's driving privileges. The district court found that the initial stop was made without legal justification and that there was a lack of substantial compliance with the mandatory requirements of NRS 484.385.[2]

We reverse the district court's findings and reinstate the hearing officer's revocation of Long's driver's license.

---

[1] NRS 484.283 provides in relevant part:
7. Where the signal is a steady red signal alone:
(a) Vehicular traffic facing the signal must stop before entering the crosswalk on the nearest side of the intersection where the sign or pavement marking indicates where the stop must be made . . . and . . . must remain stopped or standing until the green signal is shown.

[2] NRS 484.385 requires the arresting officer to advise the driver of the right to administrative and judicial review of the revocation and to have a temporary license, and to issue a temporary license on a form approved by the department if requested. The license is effective for 7 days including the date of issuance.

If an agency's factual findings are supported by evidence, those findings are conclusive and the court's jurisdiction is confined to questions of law. Nevada Emp. Sec. Dept. v. Nacheff, 104 Nev. 347, 757 P.2d 787 (1988); NRS 233B.135.

The State contends that there was reasonable suspicion for an initial stop. We agree. In determining the reasonableness of a stop, the court should consider the totality of the circumstances and should remember that trained law enforcement officers are permitted to make reasonable inferences and deductions that might elude an untrained person. United States v. Cortez, 449 U.S. 411, 418 (1981). Sigman testified that he saw Long violate a statute at a red light and then hesitate for three to five seconds before proceeding when the light turned green. Therefore, there is evidence to support the hearing officer's finding of reasonable suspicion.

The State further contends that it substantially complied with NRS 484.385 and that Long suffered no prejudice as a result of any alleged failure to advise her of her rights under the implied consent statute. NRS 233B.135(3)(a) states that a court may reverse an agency decision if the decision violates statutory provisions. Long claims that Sigman violated NRS 484.385(1), which requires the officer to advise the arrestee of the right to administrative and judicial review of the revocation and the right to have a temporary license issued.

We have addressed this issue very recently in State, Dep't Mtr. Vehicles v. Pida, 106 Nev. 897, 803 P.2d 227 (1990). In *Pida,* the officer decided to revoke Pida's driving privileges for failure to submit to an evidentiary test. Rather than serve Pida personally with the order of revocation, the officer gave a copy of the order to a corrections officer, whom he observed placing the document in Pida's property bag at the jail. We concluded, as did the district court, that NRS 484.385(1) requires personal service of the order of revocation. However, we reversed the district court because Pida failed to establish that his substantial rights were prejudiced under NRS 233B.135(3).

In this case, Sigman also failed to comply with NRS 484.385(1). Although he issued Long a revocation order, and she later testified that she read both sides when she got home, Sigman did not verbally advise her of her right to an administrative hearing or judicial review. Also, there was a box Sigman was required to check if a temporary license was being issued. Sigman testified that he did not check the box or "personally"

serve the order on Long, but he advised her he was issuing her a seven day license, and he had the jailers put the document in her bag.

The back side of the revocation informs the person of his/her rights pursuant to NRS 484.385. Because Long received an administrative and judicial review of the revocation, we conclude that she suffered no prejudice as a result of Sigman's failure to advise her under the statute. The only possible prejudice would be that she was deprived of driving for seven days. However, Long never claimed that such prejudice occurred.[3]

We conclude that the district court erred in reversing the hearing officer's decision. There was evidence to support the finding of reasonable suspicion for the initial stop. Furthermore, although Trooper Sigman did not substantially comply with NRS 484.385, we see no prejudice as a result.

Accordingly, we reverse the order of the district court, and remand for the district court to reinstate the revocation of Long's driving privileges.

---

[3]We note that this opinion should not be read as an approval of the practice of not verbally advising arrestees of their rights pursuant to NRS 484.385.