**134 Nev., Advance Opinion 47**

## IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| WEST SUNSET 2050 TRUST, A NEVADA TRUST,<br>Appellant,<br>vs.<br>NATIONSTAR MORTGAGE, LLC, A FOREIGN LIMITED LIABILITY COMPANY,<br>Respondent. | No. 70754<br><br>**FILED**<br><br>JUN 28 2018 |



Appeal from summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

*Reversed and remanded.*

Ayon Law, PLLC, and Luis A. Ayon and Stephen G. Clough, Las Vegas, for Appellant.

Akerman LLP and Ariel E. Stern and Thera A. Cooper, Las Vegas, for Respondent.

BEFORE THE COURT EN BANC.

*OPINION*

By the Court, STIGLICH, J.:

This appeal again requires us to consider the competing interests of the purchaser of property at an HOA foreclosure sale and the beneficiary of a deed of trust on that property at the time of the sale. *See SFR Invs. Pool 1, LLC v. U.S. Bank, N.A. (SFR I)*, 130 Nev. 742, 758, 334

18-24596

P.3d 408, 419 (2014) (holding that valid foreclosure of an HOA superpriority lien extinguishes a first deed of trust).

In this case, the district court determined that respondent Nationstar Mortgage LLC's deed of trust survived the HOA foreclosure sale because the HOA failed to provide statutorily required preforeclosure notice. Appellant West Sunset 2050 Trust argues that the district court erred in that determination. Nationstar counters that, even if the HOA fully complied with the notice requirements, the HOA lost its right to foreclose on the property because it sold its right to collect past-due assessments on that property to a third party. *See Edelstein v. Bank of N.Y. Mellon*, 128 Nev. 505, 508-09, 286 P.3d 249, 252 (2012) (holding that a party cannot foreclose on a property if the foreclosing entity does not simultaneously possess a promissory note and a lien on the property securing that note).

We hold that the foreclosure sale was not invalid due to a lack of notice, and we reject Nationstar's *Edelstein* argument as inapplicable to this scenario. Accordingly, we reverse the district court's order and remand for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

This case concerns competing rights to 7255 W. Sunset Road, Unit 2015 (the Property). In 2005, a homeowner purchased the Property with a home loan from New Freedom Mortgage Corporation in the amount of $176,760. New Freedom secured that loan with a senior deed of trust on the Property. That deed of trust was recorded and subsequently assigned to an organization that merged with Bank of America. It was then reassigned to respondent Nationstar Mortgage, LLC.

The Property is within the Tuscano Homeowners Association (the HOA) and is subject to the HOA's covenants, conditions, and restrictions (CC&Rs). Those CC&Rs obligated the owner of the Property to pay monthly assessments and authorized the HOA to impose a lien upon the Property in the event of nonpayment. In 2012, the HOA recorded a lien for delinquent assessments on the Property and subsequently recorded a Notice of Default (NOD). When the HOA recorded the NOD, Bank of America was on record as the beneficiary of the deed of trust. The HOA mailed the NOD to New Freedom but not to Bank of America.

The HOA then sold to nonparty First 100, LLC, its "interest in any and all [proceeds on past income] arising from or relating to the [Property's] Delinquent Assessment[ ]." In the written contract memorializing that sale, the HOA promised to continue its efforts to collect on the Property's past-due assessments and to remit all such payments directly to First 100.

On May 29, 2013, the HOA recorded a Notice of Foreclosure Sale. The HOA mailed that notice to New Freedom, Bank of America, Nationstar, and other parties not relevant here. The Property's delinquent assessment remained unpaid, so the HOA proceeded with a nonjudicial foreclosure sale. Appellant West Sunset purchased the Property at that sale for $7,800.

West Sunset sued to quiet title against Nationstar, Bank of America, and other parties not relevant here. Nationstar counterclaimed to quiet title, and both parties moved for summary judgment.

The district court granted summary judgment to Nationstar. In its written order, the court found that the HOA failed to provide "any foreclosure notices to the beneficiary of the senior deed of trust," so

Nationstar's deed of trust survived the foreclosure sale. The practical effect of the court's decision is to vest ownership of the Property in West Sunset while subjecting it to Nationstar's senior deed of trust.

## DISCUSSION

### Standard of review

This court reviews de novo a district court's order granting summary judgment. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is appropriate upon a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." NRCP 56(c).

In a quiet title action, "a plaintiff's right to relief . . . depends on superiority of title." *Chapman v. Deutsche Bank Nat'l Tr.*, 129 Nev. 314, 318, 302 P.3d 1103, 1106 (2013) (internal quotation marks omitted). "[T]he burden of proof rests with the plaintiff to prove good title in himself." *Breliant v. Preferred Equities Corp.*, 112 Nev. 663, 669, 918 P.2d 314, 318 (1996), *abrogated on other grounds by Delgado v. Am. Family Ins. Grp.*, 125 Nev. 564, 570, 217 P.3d 563, 567 (2009), *as recognized by In re Frei Irrevocable Tr.*, 133 Nev., Adv. Op. 8, 390 P.3d 646, 652 n.8 (2017).

### Notice and due process

Nationstar's primary argument, both below and on appeal, is that the HOA failed to provide statutorily required notice of the impending

foreclosure sale on the property.[1] That is, Nationstar attempts to escape the holding of *SFR I* by arguing that a lack of notice rendered the foreclosure improper. 130 Nev. at 758, 334 P.3d at 419 (holding that "proper foreclosure" of an HOA superpriority lien "will extinguish a first deed of trust").

To be clear, Nationstar does not allege that Nationstar itself was deprived of notice. It is undisputed that the HOA served Nationstar with notice of the foreclosure sale, and Nationstar does not argue that it was entitled to be served the NOD. *Cf. SFR Invs. Pool 1, LLC v. First Horizon Home Loans (SFR II)*, 134 Nev., Adv. Op. 4, 409 P.3d 891, 893-94 (2018) (holding that an HOA need not re-serve notices each time a property changes ownership). Rather, Nationstar's argument is that the HOA sale must be invalidated because its predecessor in interest—Bank of America—was not mailed the NOD.

While Nationstar is correct that Bank of America was not served the NOD, Nationstar provides no explanation as to how Nationstar was affected—much less injured—by defective notice to Bank of America. The HOA properly recorded the NOD prior to the assignment, so that assignment put Nationstar on record notice of the NOD. *Id.* at 892

---

[1]As a preliminary matter, the parties disputed at length whether Nationstar's deed of trust was invalid because, years before Nationstar became its beneficiary, the homeowner appears to have unilaterally executed a deed in lieu of foreclosure to New Freedom. We decline to settle this dispute because its resolution will not affect the outcome of this case. *See First Nat. Bank of Nev. v. Ron Rudin Realty Co.*, 97 Nev. 20, 24, 623 P.2d 558, 560 (1981) ("In that our determination of the first issue is dispositive of this case, we do not reach the second issue . . . .").

 

("Because NRS 116.31162 requires a[n] [HOA] foreclosing on its interest to record its notice of foreclosure sale, we conclude that any subsequent buyer purchases the property subject to that notice that a foreclosure may be imminent."). Nationstar's failure to allege prejudice resulting from defective notice dooms its claim that the defective notice invalidates the HOA sale.[2] *See State, Dep't of Motor Vehicles & Pub. Safety v. Pida*, 106 Nev. 897, 899, 803 P.2d 227, 228-29 (1990) (upholding a revocation of driving privileges despite the State's failure to serve statutorily required notice to the driver because the driver was not prejudiced by the defective service); *Turner v. Dewco Servs., Inc.*, 87 Nev. 14, 17, 479 P.2d 462, 465 (1971) (holding that defective notice "was not sufficiently prejudicial to void" a foreclosure sale).

In sum, the evidence does not support the district court's finding that the HOA failed to provide "any foreclosure notices to the beneficiary of the senior deed of trust." Rather, the record conclusively reveals that the HOA served notice of the foreclosure sale to Nationstar. Nationstar has failed to show that it was prejudiced by the HOA's failure to serve the NOD to Bank of America. Therefore, the district court erred in

---

[2]Nationstar additionally argues that defective notice violated Bank of America's due process rights. We reject this argument as procedurally improper and substantively meritless. *Greene v. State*, 113 Nev. 157, 176, 931 P.2d 54, 66 (1997) ("Constitutional rights are personal and may not be asserted vicariously."), *receded from on other grounds by Byford v. State*, 116 Nev. 215, 235, 994 P.2d 700, 713 (2000); *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortg.*, 133 Nev., Adv. Op. 5, 388 P.3d 970, 975 (2017) ("[T]he Due Process Clauses of the United States and Nevada Constitutions are not implicated in an HOA's nonjudicial foreclosure of a superpriority lien.").

holding that Nationstar's deed of trust survived the foreclosure sale due to a lack of notice.

*The Edelstein issue*

Nationstar's second argument is that the foreclosure sale was invalid because the HOA lost standing to foreclose on the property when it entered into a "factoring agreement." A factoring agreement is "the sale of accounts receivable of a firm to a factor at a discounted price." *In re Straightline Invs., Inc.*, 525 F.3d 870, 876 n.1 (9th Cir. 2008) (internal quotation marks omitted). Such an agreement accords the seller "two immediate advantages: (1) immediate access to cash; and (2) the factor assumes the risk of loss." *Id.* (internal quotation marks omitted).

In this case, the HOA entered into a factoring agreement when it sold to nonparty First 100 its "interest in any and all [proceeds on past income] arising from or relating to the [Property's] Delinquent Assessment[ ]." That agreement indicates that the HOA sold for $1,476 the right to receive $4,279.86 in past-due assessments on the Property.

Nationstar contends that this factoring agreement deprived the HOA of standing to foreclose.[3] A lack of standing, says Nationstar, would invalidate the foreclosure sale and allow Nationstar's deed of trust to escape the fate of subpriority interests on properties properly foreclosed upon pursuant to NRS Chapter 116. *See SFR I*, 130 Nev. at 758, 334 P.3d at 419 (extinguishing all junior interests, including a first deed of trust).

---

[3]Nationstar additionally argues that the factoring agreement's existence violates NRS 116.3102(1)(p) and the HOA's CC&Rs. We decline to consider this argument because resolving it will not affect the outcome of this case. That is, a declaration that the factoring agreement was invalid would not alter our conclusion that the valid HOA foreclosure sale extinguished Nationstar's deed of trust.

Nationstar's argument relies upon *Edelstein v. Bank of New York Mellon*, 128 Nev. 505, 508, 286 P.3d 249, 252 (2012). In that case, David Edelstein financed a home purchase by executing a promissory note in favor of a lender. *Id.* at 509, 286 P.3d at 252. That promissory note was secured by a deed of trust, which authorized the lender to foreclose on the house should Edelstein default on the note. *Id.* The note and the deed of trust were subsequently transferred to separate entities, but both ultimately fell under the control of Bank of New York Mellon (BNYM), which sought to foreclose on the house. *Id.* at 509-10, 286 P.3d at 252-53. Edelstein argued that BNYM could not foreclose because it failed to demonstrate that it simultaneously held both the promissory note and the deed of trust. *Id.* at 511-12, 286 P.3d at 253-54. While this court ultimately ruled against Edelstein, we agreed with his legal analysis regarding the foreclosure requirement:

> To enforce the obligation by nonjudicial foreclosure and sale, [t]he deed and note must be held together because the holder of the note is only entitled to repayment, and does not have the right under the deed to use the property as a means of satisfying repayment. Conversely, the holder of the deed alone does not have a right to repayment and, thus, does not have an interest in foreclosing on the property to satisfy repayment.

*Id.* at 512, 286 P.3d at 254 (internal citation and quotation marks omitted) (alteration in original). In short: "to have standing to foreclose, the current

beneficiary of the deed of trust and the current holder of the promissory note must be the same."[4] *Id.* at 514, 286 P.3d at 255.

Nationstar analogizes the present situation to *Edelstein* by comparing the HOA's superpriority lien to a deed of trust, and the HOA's right to receive payment on past assessments to a promissory note. Therefore, Nationstar argues, in selling the right to collect past assessments on the Property, the HOA severed its lien from the underlying debt and lost its ability to foreclose until the two become reunified.

Nationstar accurately analogizes the HOA's superpriority lien to a deed of trust, but the analogy collapses when Nationstar attempts to equate the HOA's factoring agreement with *Edelstein*'s transfer of a promissory note. Unlike the transfer of a promissory note, the factoring agreement did not affect the relationship between debtor and lender. That is, the Property owner remained indebted to the HOA (as opposed to becoming indebted to First 100), and the HOA retained the exclusive right to collect that debt. Indeed, the factoring agreement obliges the HOA, through its agent, to continue its collection efforts on the past-due assessments. The agreement merely instructs that agent to remit all payments directly to First 100. In short, unlike the transfer of a promissory note in *Edelstein*, the factoring agreement at issue did not affect the HOA's right to foreclose on the property.

---

[4]Nothing in this discussion affects our holding in *In re Montierth*, 131 Nev. 543, 547, 354 P.3d 648, 651 (2015) ("[F]oreclosure is not impossible if there is either a principal-agent relationship between the note holder and the mortgage holder, or the mortgage holder 'otherwise has authority to foreclose in the [note holder]'s behalf.'" (alteration in original) (quoting Restatement (Third) of Property: Mortgages § 5.4 cmts. c, e (1997)). To the extent that *In re Montierth* is relevant here, it indicates that Nevada disfavors an expansion of the *Edelstein* no-splitting rule.

While the foregoing is sufficient to reject Nationstar's *Edelstein* argument, we offer one final observation on this matter. Nationstar has provided no argument as to why, as a practical or policy matter, we should discourage HOAs from executing factoring agreements. Such agreements serve the valid purpose of providing HOAs with immediate access to cash, thus helping them meet their perpetual upkeep obligations. *See In re Straightline Invs.*, 525 F.3d at 876 n.1. Extending *Edelstein* to this situation would complicate HOAs' decisions to execute such agreements and thereby frustrate their efforts to attain cash needed to maintain their communities. Absent a theory as to how these factoring agreements result in harm, we are disinclined to so interfere with HOAs' financing practices.

## CONCLUSION

Given that Nationstar's rights were not prejudiced by the HOA's failure to serve the NOD upon Bank of America, the district court erred in holding that defective notice allowed Nationstar's deed of trust to survive the HOA foreclosure sale. We reject Nationstar's *Edelstein* argument as inapplicable to this HOA-factoring agreement scenario. Accordingly, and having carefully considered the parties' remaining arguments,[5] we reverse

---

[5]That is, we reject Nationstar's argument that "gross inadequacy of price" invalidated the HOA sale. *See Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev., Adv. Op. 91, 405 P.3d 641, 643 (2017) ("[I]nadequacy of price, however gross, is not in itself a sufficient ground for setting aside a trustee's sale." (internal quotation marks omitted)). Moreover, because we conclude that the HOA sale was valid, we need not resolve the parties' additional dispute as to whether West Sunset was a *bona fide* purchaser.

the entry of summary judgment and remand for further proceedings consistent with this opinion.

_____, J.
Stiglich

We concur:

_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____ J.
Parraguirre

SUPREME COURT
OF
NEVADA

(O) 1947A

11