# IN THE SUPREME COURT OF THE STATE OF NEVADA

NEVADA SANDCASTLES, LLC,
Appellant,
vs.
THE BANK OF NEW YORK MELLON,
F/K/A THE BANK OF NEW YORK AS
TRUSTEE FOR THE BENEFIT OF THE
CERTIFICATEHOLDERS OF THE
CWALT TRUST, INC. ALTERNATIVE
LOAN TRUST 2004-18CB MORTGAGE
PASS THROUGH CERTIFICATES,
SERIES 2004-18CB,
Respondent.

No. 74522



**FILED**

SEP 13 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court summary judgment, certified as final under NRCP 54(b), in an action to quiet title to real property.[1] Eighth Judicial District Court, Clark County; Stefany Miley, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we reverse and remand.

The district court set aside the foreclosure sale after concluding that the sale did not substantially comply with the foreclosure statutes in light of respondent not being mailed the notice of default. However, this court has held that substantial compliance requires only that a party (1) have actual knowledge, and (2) not suffer prejudice. *Hardy Cos., Inc. v. SNMARK, LLC*, 126 Nev. 528, 536, 245 P.3d 1149, 1155 (2010). Here, it is undisputed that respondent had actual knowledge of the foreclosure sale

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

SUPREME COURT
OF
NEVAOA

(O) 1947A

18-35911

because it received the notice of sale. And although there was some discussion at the summary judgment hearing regarding respondent being prejudiced by not receiving the notice of default, there is no evidence in the record that respondent was actually prejudiced. *See Nev. Ass'n Servs., Inc. v. Eighth Judicial Dist. Court*, 130 Nev. 949, 957, 338 P.3d 1250, 1255 (2014) (recognizing that "[a]rguments of counsel are not evidence and do not establish the facts of the case" (internal quotation and alteration omitted)). Accordingly, based on the record before it, the district court erred in setting aside the foreclosure sale.[2] *See W. Sunset 2050 Tr. v. Nationstar Mortg., LLC*, 134 Nev., Adv. Op. 47, 420 P.3d 1032, 1035 (2018) (concluding that failure to mail the notice of default did not warrant setting aside a foreclosure sale when the deed of trust beneficiary failed to show prejudice).

Because reversal is warranted on this ground alone, we decline to address respondent's alternative arguments on appeal that, if the sale was valid, it was a subpriority-only sale. We note, however, that this court has recently addressed similar arguments. *See Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev., Adv. Op. 91, 405 P.3d 641, 650 (2017); *First Horizon Home Loans v. The Entrust Grp., Inc.*, Docket No. 72995 (July 20, 2018, Order of Affirmance); *Nationstar Mortg., LLC v. Melvin Grp., LLC*, Docket No. 71028 (July 20, 2018, Order of

---

[2]In the absence of prejudice, respondent likewise would not have been entitled to equitable relief if the district court had analyzed the sale under the "fraud, unfairness, or oppression" standard. *See Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev., Adv. Op. 91, 405 P.3d 641, 647-49 (2017) (discussing cases and reaffirming that inadequate price alone is insufficient to set aside a foreclosure sale absent "fraud, unfairness, or oppression").

Affirmance); *HSBC Bank, USA, N.A. v. SFR Invs. Pool 1, LLC*, Docket No. 71211 (December 14, 2017, Order of Affirmance). Consistent with the foregoing, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____ , J.
Cherry

_____ , J.    _____ , J.
Parraguirre                                   Stiglich

cc:    Hon. Stefany Miley, District Judge
Janet Trost, Settlement Judge
The Wright Law Group
Akerman LLP/Las Vegas
Eighth District Court Clerk