# IN THE SUPREME COURT OF THE STATE OF NEVADA

SFR INVESTMENTS POOL 1, LLC, A NEVADA LIMITED LIABILITY COMPANY,
Appellant,
vs.
NATIONSTAR MORTGAGE, LLC, A DELAWARE LIMITED LIABILITY COMPANY,
Respondent.

No. 75116

FILED

SEP 26 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER REVERSING IN PART, VACATING IN PART AND REMANDING

This is an appeal from a district court judgment following a bench trial in a quiet title action. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge.

Appellant SFR Investment Pools 1, LLC, purchased the subject property for $30,000 at a homeowners' association (HOA) foreclosure sale, which was conducted to enforce the HOA's delinquent assessment lien. Thereafter, SFR filed the underlying action to quiet title. Following a bench trial, the district court entered judgment in favor of respondent Nationstar Mortgage, finding that although the HOA's foreclosure sale was procedurally proper, it did not extinguish Nationstar's first deed of trust because the superpriority potion of the HOA's lien had been satisfied before the foreclosure sale pursuant to a factoring agreement, under which First 100, LLC, purchased from the HOA certain accounts, including the delinquent assessment account for the subject property. Thus, the district court determined that SFR's interest in the property was subject to Nationstar's deed of trust. Although the district court determined that the

19-39995

factoring agreement payment satisfied the superpriority portion of the HOA's lien, it rejected Nationstar's alternative argument that the sale should be set aside because it was commercially unreasonable in that it produced an inadequate sales price and was affected by fraud, unfairness, or oppression.

In *West Sunset 2050 Trust v. Nationstar Mortgage, LLC*, 134 Nev. 352, 355-57, 420 P.3d 1032, 1035-37 (2018), this court concluded that an HOA factoring agreement did not sever the HOA's superpriority lien from its right to receive payment on the homeowner's underlying debt comprised of past due assessments. In so doing, this court recognized that a factoring agreement does "not affect the relationship between debtor and lender," or "the HOA's right to foreclose on the property," as "the [p]roperty owner remain[s] indebted to the HOA." *Id.* at 357, 420 P.3d at 1037. Consistent with that decision, we conclude that the district court erred in determining that the superpriority lien amount was satisfied by First 100's payment to the HOA under the factoring agreement. *Weddell v. H2O, Inc.*, 128 Nev. 94, 101, 271 P.3d 743, 748 (2012) (reviewing a district court's factual findings following a bench trial for substantial evidence and its legal conclusions de novo).[1] We therefore reverse that portion of the district court's order.

Nationstar contends that the district court's order should be affirmed regardless based on the wide disparity in the foreclosure sale price and the home's fair market value and evidence that the low price resulted

---

[1]We are not persuaded by Nationstar's argument that the factoring agreement at issue here contains terms that take it outside the scope of our holding in *West Sunset*.

from fraud, unfairness, or oppression.[2] On the issue of price, we conclude that the district court erred in finding that the $30,000 SFR paid for the property was the actual fair market value when the retrospective appraisal showed that the property had a fair market value of $640,000. *Id.; see Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon,* 133 Nev. 740, 747-50, 405 P.3d 641, 647-49 (2017) (discussing how a district court evaluates price inadequacy in the foreclosure sale context). We therefore vacate the district court's order as to its conclusion that the purchase price was reasonable and in line with the fair market value, and we remand this matter to the district court for it to balance the equities and reevaluate whether Nationstar is entitled to equitable relief based on a defective sale.[3] *See Nationstar,* 133 Nev. at 747-49, 405 P.3d at 647-48 (observing that disparity in price and fair market value must be considered in conjunction with the degree to which the sale was affected by fraud,

---

[2]We disagree with SFR's contention that Nationstar was required to cross-appeal in order to raise this alternative basis for affirmance. *See Ford v. Showboat Operating Co.,* 110 Nev. 752, 755, 877 P.2d 546, 548 (1994) (concluding that a party "who seeks to alter the rights of the parties under a judgment must file a notice of cross-appeal" but recognizing that a party "may . . . without cross-appealing, advance any argument in support of the judgment even if the district court rejected or did not consider the argument").

[3]Although the district court rejected the evidence Nationstar offered to show fraud, unfairness, or oppression, in light of our conclusion that the district court erred in concluding that the purchase price of roughly 4.6% of the fair market value was not inadequate, the district court on remand should reevaluate that evidence using a sliding scale approach. *See Nationstar,* 133 Nev. at 749, 405 P.3d at 648 (noting that only "very slight" evidence of fraud, oppression, or unfairness is required to set aside a sale on equitable grounds when the inadequacy of the purchase price is "palpable and great" (internal quotation marks omitted)).

unfairness, or oppression, such that a grossly inadequate price may require only slight evidence of fraud, unfairness, or oppression to set aside a foreclosure sale); *Shadow Wood Homeowners Ass'n, Inc. v. N.Y. Cmty. Bancorp. Inc.*, 132 Nev. 49, 63, 366 P.3d 1105, 1114 (2016) (recognizing that in a quiet title action, a court must consider the "entirety of the circumstances that bear upon the equities" in fashioning the appropriate relief).

In sum, we reverse the district court's judgment to the extent it concluded that First 100's factoring agreement payment satisfied the HOA's superpriority lien, vacate the judgment to the extent it concluded that the $30,000 purchase price represented the fair market value and did not consider Nationstar's evidence of fraud, unfairness, or oppression in light of the inadequate price, and remand for proceedings consistent with this order.

It is so ORDERED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc:   Hon. Nancy L. Allf, District Judge
      John Walter Boyer, Settlement Judge
      Kim Gilbert Ebron
      Akerman LLP/Las Vegas
      Eighth District Court Clerk