IN THE SUPREME COURT OF THE STATE OF NEVADA

FERRELL STREET TRUST,
Appellant,
vs.
BANK OF AMERICA, N.A.,
Respondent.

No. 78608

FILED

APR 16 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order granting summary judgment, certified as final under NRCP 54(b), in an action to quiet title. Eighth Judicial District Court, Clark County; Timothy C. Williams, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we reverse and remand.[1]

The district court determined that Mortgage Electronic Registration Services, Inc. (MERS) was the "person with an interest" in the deed of trust entitled to be mailed the HOA's foreclosure notices because MERS was the record deed of trust beneficiary on behalf of Direct Equity Mortgage and Direct Equity Mortgage's successors. *Cf. SFR Invs. Pool 1, LLC v. Bank of N.Y. Mellon*, 134 Nev. 483, 487-88, 422 P.3d 1248, 1252 (2018) (holding that NRS 116.31168(1), via its incorporation of NRS 107.090, requires an HOA to "provide notice to the holder of the first security interest as a subordinate interest"); *cf. also* NRS 107.090(3)(b) (requiring foreclosure notices to be mailed to each "person with an interest"

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

 

20-14632

whose interest is subordinate to the lien being foreclosed).[2] Because the notices were mailed to Direct Equity Mortgage and not to MERS, the district court determined that respondent Bank of America was prejudiced by not being able to retain Miles Bauer to make a superpriority tender to preserve the first deed of trust. Consequently, the district court determined that appellant took title to the property subject to the first deed of trust.

We conclude that the district court erred. Key to our conclusion is that respondent did not obtain any interest in the deed of trust until after the foreclosure sale. Nor is there any evidence in the record to support respondent's suggestion for the first time at the November 20, 2018, hearing that respondent was servicing the loan secured by the deed of trust at the time the foreclosure notices were mailed, such that MERS would have known to forward the notices to respondent.[3] *See Nev. Ass'n Servs., Inc. v. Eighth Judicial Dist. Court*, 130 Nev. 949, 957, 338 P.3d 1250, 1255 (2014) ("Arguments of counsel are not evidence and do not establish the facts of the case." (internal quotation and alteration omitted)). Nor was respondent prejudiced because it was aware at the time it chose to acquire its interest in the deed of trust that the foreclosure sale may have already extinguished the deed of trust. *See SFR Invs. Pool 1, LLC v. First Horizon Home Loans*, 134 Nev. 19, 22, 409 P.3d 891, 893 (2018) (observing that the purpose of

---

[2]This disposition refers to the versions of the statutes that were in effect during the applicable time period.

[3]Neither respondent's summary judgment motion nor its opposition to appellant's summary judgment motion argued that respondent was servicing the loan at the time the foreclosure notices were mailed even though appellant observed in its summary judgment motion that respondent did not acquire an interest in the deed of trust until after the foreclosure sale.

Nevada's recording statutes is to "'impart notice to all persons of the contents thereof'" and that "'subsequent purchasers and mortgagees shall be deemed to purchase and take with notice'" (quoting NRS 111.320)); *W. Sunset 2050 Tr. v. Nationstar Mortg., LLC*, 134 Nev. 352, 354-55, 420 P.3d 1032, 1035 (2018) (declining to set aside a foreclosure sale when the party complaining about defective notice was not prejudiced); *SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. 742, 758, 334 P.3d 408, 419 (2014) (holding that foreclosure of the superpriority portion of an HOA's lien extinguishes a first deed of trust).

Additionally, although respondent argues that a superpriority tender should be excused for futility, we are not persuaded that this court's opinion in *7510 Perla Del Mar Avenue Trust v. Bank of America, N.A.*, 136 Nev., Adv. Op. 6, 458 P.3d 348 (2020), should be extended to a situation in which respondent and Miles Bauer had only a hypothetical involvement with the secured loan during the HOA's foreclosure proceedings. Appellant is therefore entitled to a judgment that the foreclosure sale extinguished the first deed of trust. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc: Hon. Timothy C. Williams, District Judge
Law Offices of Michael F. Bohn, Ltd.
Akerman LLP/Las Vegas
Eighth District Court Clerk