# IN THE SUPREME COURT OF THE STATE OF NEVADA

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CITIGROUP MORTGAGE LOAN TRUST INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-HE2, Appellant,

vs.

THE GIFFORD W. COCHRAN REVOCABLE LIVING TRUST DATED MARCH 12, 2004, A MONTANA TRUST, Respondent.

No. 77642

FILED

MAY 15 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER VACATING JUDGMENT AND REMANDING

This is an appeal from an amended district court judgment following a bench trial, certified as final under NRCP 54(b), in a quiet title action.[1] Eighth Judicial District Court, Clark County; Jerry A. Wiese, Judge.

After a bench trial, the district court entered an amended judgment against appellant U.S. Bank, concluding that the HOA foreclosure sale of the subject property extinguished U.S. Bank's first deed of trust. In doing so, the district court rejected U.S. Bank's arguments that the superpriority default was cured before the foreclosure sale, that the HOA's failure to send U.S. Bank a notice of foreclosure sale voided the sale, and that it was entitled to equitable relief from the sale under *Shadow Wood*

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

20-18596

*Homeowners Ass'n, Inc. v. New York Community Bancorp. Inc.*, 132 Nev. 49, 366 P.3d 1105 (2016). Because we conclude that the district court abused its discretion in denying equitable relief, we vacate and remand. *See Res. Grp., LLC v. Nev. Ass'n Servs., Inc.*, 135 Nev. 48, 55, 437 P.3d 154, 160 (2019) (reviewing a decision regarding setting aside a foreclosure sale on equitable grounds for an abuse of discretion).

To obtain equitable relief based on an allegedly defective sale, the party challenging the sale must demonstrate that there was an inadequate sales price and make a showing of fraud, oppression, or unfairness that brought about the inadequate price. *See Shadow Wood*, 132 Nev. at 56, 366 P.3d at 1110; *Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev. 740, 747-49, 405 P.3d 641, 647-48 (2017). On appeal, U.S. Bank asserts that it made the necessary showing to entitle it to equitable relief from the foreclosure sale under *Shadow Wood*. We agree.

The district court found, and respondent does not challenge, that the purchase price in this case was grossly inadequate. Turning to the evidence of fraud, oppression, or unfairness, U.S. Bank first points to an agreement the HOA entered into with First 100, the purchaser at the foreclosure sale and predecessor-in-interest to respondent, wherein the HOA sold its interest in both future and current delinquent HOA assessments.[2] The district court found, and respondent does not challenge,

------

[2]Respondent's reliance on *West Sunset 2050 Trust v. Nationstar Mortgage. LLC*, 134 Nev. 352, 420 P.3d 1032 (2018), as a basis for denying equitable relief is misplaced. That case merely held that HOAs may execute factoring agreements, such as the one in this case. *See id.* at 355-57, 420

SUPREME COURT
OF
NEVADA

(O) 1947A

that this agreement required the HOA to use First 100's preferred foreclosure agent and prevented the HOA from bidding any higher than the agreed-upon starting bid of $99; or that First 100 purchased the property at the foreclosure sale. These facts support a conclusion that bidding was chilled. *See Las Vegas Dev. Grp., LLC v. Yfantis*, 173 F. Supp. 3d 1046, 1058 (D. Nev. 2016) (noting that collusion between the winning bidder and the entity selling the property may constitute fraud, oppression, or unfairness); *Country Exp. Stores, Inc. v. Sims*, 943 P.2d 374, 379 (Wash. Ct. App. 1997) (noting that one type of chilled bidding "is intentional, occurring where there is collusion for the purpose of holding down the bids"). Substantial evidence in the record also supports the district court's findings that the foreclosure agent failed to mail U.S. Bank a notice of foreclosure sale[3] and that U.S. Bank did not have actual notice of the sale date.[4] *See Weddell v.*

---

P.3d at 1035-37. The problem in this case, however, is not with the existence of a factoring agreement, but whether that contractual relationship caused any fraud, oppression, or unfairness in the foreclosure process that brought about the low sale price, such that U.S. Bank is entitled to equitable relief. *See Shadow Wood*, 132 Nev. at 56, 366 P.3d at 1110. We reiterate that *West Sunset* did not address that issue.

[3]The previous foreclosure agent properly sent U.S. Bank notice of the foreclosure sale, but when that sale was canceled and the date changed, First 100's chosen foreclosure agent failed to properly send notice to U.S. Bank. *U.S. Bank, Nat'l Ass'n ND v. Res. Grp., LLC*, 135 Nev. 199, 203, 444 P.3d 442, 446 (2019) ("To give statutorily compliant notice, [the foreclosure agent] needed to send the notice . . . to U.S. Bank at the address specified for it in its publicly recorded deed of trust.").

[4]We decline to address respondent's challenge to the witness's ability to testify on behalf of U.S. Bank as it did not raise that argument below. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981).

*H20, Inc.*, 128 Nev. 94, 101, 271 P.3d 743, 748 (2012) (reviewing a district court's factual findings following a bench trial for substantial evidence); *see also U.S. Bank, Nat'l Ass'n ND v. Res. Grp., LLC*, 135 Nev. 199, 203-05, 444 P.3d 442, 446-48 (2019) (recognizing that equitable relief may be appropriate when a first deed of trust holder neither receives statutorily-required notices nor has actual notice of an HOA foreclosure). Finally, substantial evidence supports the district court's finding that the HOA represented on multiple occasions to multiple entities that the HOA's lien was junior to the first deed of trust on the property. As other courts have noted, this type of letter may constitute unfairness because it gives the impression that a purchase of the property would remain subject to the first deed of trust on the property. *See ZYZZX2 v. Dizon*, No. 2:13-CV-1307, 2016 WL 1181666, at *5 (D. Nev. Mar. 25, 2016). A foreclosure sale that does not extinguish the first deed of trust but leaves it intact produces a lower bid price, because any buyer would take the property subject to the first deed of trust.

Taken together, we conclude that U.S. Bank proved the requisite fraud, oppression, or unfairness that brought about the grossly inadequate sale price to warrant granting its request for equitable relief. *See Shadow Wood*, 132 Nev. at 56, 366 P.3d at 1110; *Nationstar*, 133 Nev. at 749, 405 P.3d at 648 ("[W]here the inadequacy [of price] is palpable and great, very slight additional evidence of unfairness or irregularity is sufficient to authorize the granting of the relief sought." (quoting *Golden v. Tomiyasu*, 79 Nev. 503, 515, 387 P.2d 989, 995 (1963))). We therefore vacate

the district court's amended judgment, and remand the case for the district court to enter judgment in favor of U.S. Bank in line with this decision.[5]

It is so ORDERED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:   Hon. Jerry A. Wiese, District Judge
Michael H. Singer, Settlement Judge
Wright, Finlay & Zak, LLP/Las Vegas
Hong & Hong
Eighth District Court Clerk

---

[5]Because we conclude that U.S. Bank is entitled to equitable relief, we need not address its remaining arguments.