NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NATIONSTAR MORTGAGE LLC,

     Plaintiff-counter-
     defendant-Appellee,

  v.

RIVER GLIDER AVENUE TRUST,

     Defendant-counter-claimant-
     Appellant,

  v.

SAHARA SUNRISE HOMEOWNERS
ASSOCIATION,

     Defendant-third-party-
     plaintiff,

  v.

ALESSI & KOENIG LLC,

     Third-party-defendant.

No.   19-15760

D.C. No.
2:15-cv-01597-MMD-NJK

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted July 9, 2020[]
Seattle, Washington

Before: HAWKINS, D.M. FISHER,[***] and M. SMITH, Circuit Judges.

In this diversity quiet title action, the district court granted summary judgment for Plaintiff-Appellee Nationstar Mortgage LLC (Nationstar), voiding a February 2012 non-judicial foreclosure sale to the extent that it extinguished Nationstar's deed of trust encumbering the property at issue. The district court concluded that the Sahara Sunrise HOA's (HOA) failure to mail a notice of default on homeowners' assessments to MERS, the beneficiary of record in the deed of trust at the time, violated Nevada's HOA foreclosure statutes, *see SFR Invs. Pool 1, LLC v. Bank of New York Mellon*, 422 P.3d 1248, 1253 (Nev. 2018) (holding that Nev. Rev. Stat. § 116.31168 incorporates the notice requirements of Nev. Rev. Stat. § 107.090), and that the violation was prejudicial to the current deed of trust holder Nationstar. We have jurisdiction pursuant to 28 U.S.C. § 1291, review the district court's grant of summary judgment de novo, *see Fed. Home Loan Mortg. Corp. v. SFR Invs. Pool 1, LLC*, 893 F.3d 1136, 1144 (9th Cir. 2018), and reverse and remand.

---

[**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]  The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

The Nevada Supreme Court has held that a deed of trust holder with constructive notice of an HOA assessment default is not prejudiced by an HOA's failure to mail a notice of default to the deed of trust holder's predecessor in interest. *See W. Sunset 2050 Tr. v. Nationstar Mortg.*, 420 P.3d 1032, 1035 (Nev. 2018). Without a showing of prejudice, the court in *West Sunset* refused to protect a deed of trust from being extinguished by an HOA foreclosure sale. *Id.*

As in *West Sunset*, because Nationstar did not show that it was prejudiced by the HOA's failure to mail a notice of default to MERS, the HOA sale was not void on this ground. *See id.* The parties do not dispute that, although the HOA properly recorded the notice of default in December 2010, it failed to mail a notice of default to MERS. However, MERS assigned the deed of trust to Nationstar, through Nationstar's predecessor Bank of America, in May 2011.[1] Accordingly, Nationstar had constructive notice of the default when it was assigned the deed of trust, irrespective of the HOA's failure to mail MERS a notice of default five months earlier. *See id.*; *see also SFR Invs. Pool 1, LLC v. First Horizon Home Loans*, 409 P.3d 891, 893 (Nev. 2018) ("The very purpose of recording statutes is

---

[1] We note that MERS assigned the deed of trust to BAC Home Loans Servicing, LP (BAC) in May 2011. BAC merged into Bank of America, N.A. in July 2011. In November 2013, Bank of America assigned the deed of trust to Nationstar, who brought this quiet title action. For simplicity, herein we refer only to Nationstar, except where necessary to distinguish other parties in the chain of title.

to impart notice to a subsequent purchaser.").  Pursuant to *West Sunset*, Nationstar's constructive notice "dooms its claim that the defective notice invalidate[d] the HOA sale."  420 P.3d at 1035.

Nationstar argues that the HOA's failure to send a notice to MERS was prejudicial, providing evidence that Bank of America often cured HOA assessment defaults upon receipt of a notice of default.  But the HOA's failure to notify MERS of the default did not affect Bank of America's window of opportunity to cure the default.  That period commenced when Bank of America, through BAC and with constructive notice of the default, became the deed of trust holder in May 2011.  Moreover, we note that it is undisputed that the HOA mailed the correct parties a notice of the foreclosure sale in July 2011, over six months before the sale eventually took place.  *See* 420 P.3d at 1035 (noting receipt of notice of foreclosure sale).

Nationstar also argues that *U.S. Bank, N.A. v. Resources Group, LLC*, 444 P.3d 442, 447 (Nev. 2019) controls here.  But *Resources Group* did not involve an intervening assignment, so the deed of trust holder in that case had no constructive notice of the HOA default at issue.  *Id.* at 447 (distinguishing *West Sunset*, 420 P.3d at 1035, where "the assignee of the original deed of trust beneficiary had constructive notice of the notice of default, and received timely notice of sale").

Although the parties raise several additional arguments regarding the

4

extinguishment of Nationstar's deed of trust, the district court explicitly limited its summary judgment ruling to the notice issue described above. Accordingly, we remand to allow the district court to address the remaining issues for the first time. *See Shirk v. U.S. ex rel. Dep't of Interior*, 773 F.3d 999, 1007 (9th Cir. 2014) ("As a federal court of appeals, we must always be mindful that 'we are a court of review, not first view.'" (quoting *Maronyan v. Toyota Motor Sales, U.S.A., Inc.*, 658 F.3d 1038, 1043 n. 4 (9th Cir. 2011))).

**REVERSED AND REMANDED.**