**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 28 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHIREHAMPTON DRIVE TRUST, | No.   19-17253 |
| Plaintiff-Appellee, | D.C. No. 2:16-cv-02276-RFB-EJY |
| v. | |
| JPMORGAN CHASE BANK, N.A., | MEMORANDUM* |
| Defendant-Appellant, | |
| and | |
| UNITED STATES DEPARTMENT OF THE TREASURY; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Argued and Submitted September 2, 2020
Seattle, Washington

Before:  HAWKINS and McKEOWN, Circuit Judges, and KENDALL,** District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Virginia M. Kendall, United States District Judge for the Northern District of Illinois, sitting by designation.

JPMorgan Chase Bank, N.A. ("Chase") appeals the district court's entry of summary judgment in favor of Shirehampton Drive Trust. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's entry of summary judgment *de novo*, *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 949 (9th Cir. 2020), and we reverse.

Nevada resident Louisa Oakenell borrowed $340,407 from MetLife Home Loans in order to purchase a property located at 705 Shirehampton Drive, Las Vegas, Nevada 89178. The deed of trust lists Oakenell as the borrower, MetLife Home Loans as the lender, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary.

Oakenell became delinquent on her monthly payments to the Huntington Homeowners Association ("HOA"). Red Rock Financial Services, LLC, a debt collector working on behalf of the HOA, sent her a letter via certified mail, explaining that it would impose a lien on her property if she failed to make her payments. The HOA, through Red Rock, recorded with the Clark County Recorder's Office a delinquent assessment lien on the Oakenell property.

Red Rock recorded a Notice of Default and Election to Sell Pursuant to the Lien for Delinquent Assessments, copies of which Red Rock, on behalf of the HOA, mailed to Oakenell, the HOA, MetLife Home Loans, Republic Services (a utility company), and the IRS. Red Rock did not mail a copy to MERS. Red Rock

2

subsequently mailed a letter to MetLife Home Loans explaining that the HOA's lien is "Junior only to the Senior Lender/Mortgage Holder."

Red Rock later recorded a Notice of Foreclosure Sale under the Lien for Delinquent Assessments. Red Rock mailed this Notice to Oakenell, the HOA, MetLife Home Loans, Republic Services, the IRS, and the State of Nevada Ombudsman for Common-Interest Communities. A public auction was held pursuant to Nevada Revised Statues Chapter 116, at which Shirehampton Drive Trust purchased the property for $9,700. MERS later assigned its interest in the deed of trust to Chase and recorded the assignment.

Shirehampton filed this action in Nevada State Court to quiet title to the property. Relying heavily on the Nevada Supreme Court's decision in *West Sunset 2050 Tr. v. Nationstar Mortg., LLC*, 420 P.3d 1032, 1035 (Nev. 2018), the district court granted Shirehampton's Motion for Summary Judgment and denied Chase's Cross-Motion, holding that the foreclosure sale extinguished Chase's deed of trust.[1]

On appeal, Chase contends that the foreclosure sale did not extinguish the deed of trust and that the sale was voidable because: (1) Red Rock failed to provide

---

[1] Under Nevada law applicable at all relevant times, an HOA's assessment lien was a superpriority lien that, "when properly foreclosed, extinguished a first deed of trust and vested title in the foreclosure sale purchaser without equity or right of redemption." *Saticoy Bay LLC Series 9050 W Warm Springs 2079 v. Nev. Ass'n Servs.*, 444 P.3d 428, 430 (Nev. 2019) (internal citation and quotation omitted).

MERS (Chase's predecessor-in-interest) with the statutorily required notice of foreclosure sale, (2) the grossly inadequate auction purchase price of $9,700 (compared to a fair market value of approximately $270,000) made the sale voidable, and (3) the letter Red Rock sent to MetLife Home Loans (the lender on the deed of trust) explaining that the mortgage holder's interest was senior to that of the HOA was a misrepresentation.

In order to justify setting aside a foreclosure sale, the court must find that the sale suffered from irregularities that rise to the level of fraud, unfairness, or oppression. *Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 646 (Nev. 2017). "[M]ere inadequacy of price is not in itself sufficient to set aside the foreclosure sale, but it should be considered together with any alleged irregularities in the sales process to determine whether the sale was affected by fraud, unfairness, or oppression." *Id.* at 648. Examples of irregularities that may rise to the level of fraud, unfairness, or oppression include "an HOA's failure to mail a deed of trust beneficiary the statutorily required notices; an HOA's representation that the foreclosure sale will not extinguish the first deed of trust; collusion between the winning bidder and the entity selling the property; a foreclosure trustee's refusal to accept a higher bid; or a foreclosure trustee's misrepresentation of the sale date." *Id.* at 648 n.11 (internal citations omitted).

Here, the sale price was exceptionally low, 3.5 percent of the fair market value. This low price alone does not condemn the sale. In *Shadow Canyon*, for example, the price garnered at the foreclosure sale was 11 percent of the property's fair market value, but the court did not void the sale because it found no evidence of fraud, unfairness, or oppression. *Id.* at 649–51. However, there are two irregularities that the Nevada Supreme Court has specifically stated may rise to the level of fraud, unfairness, and oppression, and which, when combined with a low sale price, make the sale here voidable.

First, the HOA's representative, Red Rock, did not mail the statutorily required notices to the deed of trust beneficiary (MERS). The Nevada Supreme Court has specifically held that deed of trust beneficiaries are entitled to such notice. *U.S. Bank, Nat'l Ass'n ND v. Res. Grp., LLC*, 444 P.3d 442, 448 (Nev. 2019) (citing *Shadow Canyon*, 405 P.3d at 648 n.11, for the proposition that a deed of trust beneficiary is entitled to statutorily required notices and that failure to provide that notice can render a sale voidable). Second, Red Rock falsely represented in its letter to MetLife that the HOA's lien is "Junior only to the Senior Lender/Mortgage Holder," which suggests that an eventual foreclosure sale by the HOA would not extinguish the deed of trust when, in fact, it would under Nevada law. *See SFR Invs. Pool 1 v. U.S. Bank*, 334 P.3d 408, 413 (Nev. 2014) (explaining that NRS 116.3116 establishes a "true priority lien" in favor of the HOA such that when the HOA

properly enforces its lien, it has the effect of extinguishing an otherwise senior mortgage lien), *abrogated on other grounds by Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortg.*, 388 P.3d 970 (Nev. 2017).

This case is thus distinguishable from *West Sunset*, in that in addition to the grossly inadequate price and the lack of statutory notice, the HOA here also misrepresented the effect of foreclosure in a way that did not occur in *West Sunset*. *C.f. U.S. Bank, Nat'l Ass'n ND*, 444 P.3d at 449 ("The grossly inadequate price, combined with the problems with the notice of default presents a classic claim for equitable relief under *Shadow Canyon*. . . ."). Pursuant to *Shadow Canyon* and its progeny, the grossly inadequate sales price, combined with Red Rock's misrepresentation of the effect of foreclosure and the failure to provide statutorily required notice, render the sale voidable for unfairness.

Accordingly, we reverse the grant of summary judgment in favor of Shirehampton and remand for further proceedings consistent with this disposition.

**REVERSED AND REMANDED**.