**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 18 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

NATIONSTAR MORTGAGE LLC,

    Plaintiff-counter-
    defendant-Appellee,

  v.

SATICOY BAY LLC SERIES 8920 EL
DIABLO,

    Defendant-counter-claimant-
    Appellant.

No.  18-15865

D.C. No. 2:16-cv-00751-JCM-VCF

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted December 10, 2019**
Pasadena, California

Before:  BEA, COLLINS, and BRESS, Circuit Judges.

Saticoy Bay LLC Series 8920 El Diablo ("Saticoy Bay") appeals the district

court's ruling, after a bench trial, in favor of Nationstar Mortgage LLC

---

   * This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

   ** The panel unanimously concludes that this case is suitable for decision
without oral argument.  *See* FED. R. APP. P. 34(a)(2).

("Nationstar"). We review the court's conclusions of law de novo and its conclusions of fact for clear error. *Bertelsen v. Harris*, 537 F.3d 1047, 1056 (9th Cir. 2008). We affirm.

Nevada law gives a homeowners association ("HOA") a lien against a homeowner's property when the homeowner fails to pay certain assessments. *See* NEV. REV. STAT. § 116.3116(1) (2014). A portion of that lien can take priority over even a first deed of trust, and foreclosure on that "superpriority" portion extinguishes the first deed of trust. *See id.* § 116.3116(2); *SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408, 412–14 (Nev. 2014).

In this case, the relevant HOA, Silverstone Ranch Community Association ("Silverstone"), issued a notice of delinquent assessment lien and recorded a notice of default and election to sell. Bank of America, N.A., which was then the beneficiary of the deed of trust, tendered through counsel a check to Silverstone for the superpriority portion of the HOA lien, and Silverstone cashed the check. Silverstone then issued a second notice of delinquent assessment lien and recorded a second notice of default and election to sell. Sometime later, Silverstone recorded a notice of trustee's sale that stated that the owner was in default under the *first* notice of delinquent assessment lien. Saticoy Bay purchased the property at the trustee's sale. During subsequent litigation to quiet title, Nationstar became the beneficiary of the deed of trust. After a bench trial, the district court ruled that

2

Bank of America's tender satisfied the superpriority portion of Silverstone's lien; that Silverstone therefore "foreclosed only on the subpriority portion of its lien"; and that the deed of trust therefore survived the foreclosure sale. Saticoy Bay appeals.

Saticoy Bay first argues that Bank of America's tender failed to satisfy the superpriority portion of the lien. This argument is meritless. Under the text of NEV. REV. STAT. § 116.3116 before it was amended in 2015, the superpriority amount was limited to nine months of HOA assessments and charges related to maintenance and nuisance abatement. *See SFR Invs. Pool 1*, 334 P.3d at 411; *see also Horizons at Seven Hills v. Ikon Holdings*, 373 P.3d 66, 69–72 (Nev. 2016) (en banc) (rejecting inclusion of collection fees and foreclosure costs). Saticoy Bay does not argue that Silverstone's lien included maintenance or nuisance abatement charges, and it is undisputed that Bank of America paid exactly nine months of assessments. The superpriority portion of the lien was therefore satisfied. *See Bank of America, N.A. v. Arlington West Twilight Homeowners Ass'n*, 920 F.3d 620, 623 (9th Cir. 2019); *Bank of America, N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 117–18 (Nev. 2018) ("*Diamond Spur*") (en banc).

Saticoy Bay also argues that Bank of America was required to record its tender. That argument is foreclosed by the Nevada Supreme Court's ruling that the Nevada recording statutes do not require the recording of the tender of the

superpriority portion of an HOA lien.  *See Diamond Spur*, 427 P.3d at 119–20.

Relying on *Shadow Wood Homeowners Ass'n, Inc. v. New York Community Bancorp, Inc.*, 366 P.3d 1105 (Nev. 2016) (en banc), and *Nationstar Mortgage, LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641 (Nev. 2017), Saticoy Bay further contends that it was protected as a bona fide purchaser and that Nationstar failed to make a requisite showing of "fraud, unfairness, or oppression" in the foreclosure sale.  But as the Nevada Supreme Court has explained, *Shadow Wood* and *Shadow Canyon* involved claims that the HOA's foreclosure sale was "voidable" on the grounds that "the low sale price, notice deficiencies, and other irregularities establish[ed] that 'the sale was affected by some element of fraud, unfairness, or oppression.'"  *U.S. Bank, N.A. ND v. Resources Grp., LLC*, 444 P.3d 442, 448 (Nev. 2019) (citations omitted).  These cases are inapplicable here because, in light of Bank of America's satisfaction of the superpriority portion of Silverstone's lien, the subsequent foreclosure sale "resulted in a *void* sale as to the superpriority portion."  *Diamond Spur*, 427 P.3d at 121 (emphasis added).  Under Nevada law, "[a] *void* sale, in contrast to a *voidable* sale, defeats the competing title of even a bona fide purchaser for value."  *Resources Grp.*, 444 P.3d at 448 (emphasis added); *see also Diamond Spur*, 427 P.3d at 121.  Under *Diamond Spur*, Saticoy Bay's purported status as a bona fide purchaser is therefore "irrelevant,"

4

and Saticoy Bay "purchased the property subject to [the] deed of trust." 427 P.3d at 121.

Finally, Saticoy Bay argues that Silverstone's second notice of delinquent assessment lien and second notice of default created a second superpriority lien covering later months of unpaid assessments. We deem this argument forfeited. While Saticoy Bay's opening brief raises this issue, it fails to address, much less refute, the district court's specific reasons for rejecting Saticoy Bay's reliance on this asserted second superpriority lien. *See Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 924 (9th Cir. 1988). In any event, this argument lacks merit. The notice of trustee's sale made clear that Silverstone foreclosed on the *first* notice of delinquent assessment lien, and the superpriority portion of *that* lien had been satisfied.

**AFFIRMED.**