# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| RESIDENTIAL CREDIT SOLUTIONS, INC., Appellant, vs. TRP FUND IV, LLC; AND ANTIGUA MAINTENANCE CORPORATION, A/K/A ANTIGUA CONDOMINIUMS, Respondents. | No. 75384 FILED<br>FEB 1 4 2020<br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY S. Young<br>DEPUTY CLERK |

## ORDER OF REVERSAL AND REMAND

This is an appeal from a final judgment in an action to quiet title. Eighth Judicial District Court, Clark County; J. Charles Thompson, Judge; Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge; Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge.

Respondent TRP Fund IV, LLC (TRP) purchased the subject property at an HOA foreclosure sale for $15,500. At the time of the sale, Ocwen Loan Servicing, LLC (Ocwen) held a recorded deed of trust on the property, which it later assigned to appellant Residential Credit Solutions, Inc. (RCS).

Ocwen brought an action to quiet title against TRP and the HOA, respondent Antigua Maintenance Corporation (Antigua), and TRP filed a counterclaim. The parties later substituted appellant RCS for Ocwen. In 2017, RCS moved for leave to amend its complaint to correct party names, add factual allegations regarding Freddie Mac's ownership of the loan, and add additional claims against Antigua. The district court granted the motion in part to correct party names and typographical errors, but denied the rest. It concluded that Freddie Mac's interest should have

20-06225

been known sooner, that asserting those new facts would be prejudicial to TRP, and that the claims against Antigua were futile.

TRP and Antigua moved for summary judgment, which the district court granted. The district court concluded that the foreclosure sale was not commercially unreasonable because price inadequacy alone was insufficient to set aside a sale without fraud, unfairness, or oppression; RCS's unjust enrichment claim failed as a matter of law; and the economic loss doctrine barred the negligence claims. It subsequently quieted title in favor of TRP. RCS moved for reconsideration and to alter or amend the judgment based on an intervening change of law and a manifest error as to the notice of default. The district court denied the motion. RCS appeals.

*The district court abused its discretion in denying RCS leave to amend its complaint*

RCS argues that the district court erred in denying its motion for leave to amend its complaint to add factual allegations regarding Freddie Mac's ownership of the loan.[1] Reviewing a district court's denial of a motion to amend the pleadings for an abuse of discretion, *Univ. & Cmty. Coll. Sys. v. Sutton*, 120 Nev. 972, 988, 103 P.3d 8, 19 (2004), we reverse.

---

[1]In *Saticoy Bay LLC Series 9641 Christine View v. Federal National Mortgage Association*, 134 Nev. 270, 272-74, 417 P.3d 363, 367-68 (2018), this court held that 12 U.S.C. § 4617(j)(3) (2012) (the Federal Foreclosure Bar) preempts NRS 116.3116 and prevents an HOA foreclosure sale from extinguishing a first deed of trust when the subject loan is owned by the Federal Housing Finance Agency (FHFA) (or when the FHFA is acting as conservator of a federal entity such as Freddie Mac or Fannie Mae). Asserting factual allegations regarding Freddie Mac's interest would have allowed RCS to assert the Federal Foreclosure Bar to preserve its first deed of trust.

"[L]eave [to amend] shall be freely given when justice so requires." NRCP 15(a) (2005).[2] Sufficient reasons to deny leave include "undue delay, bad faith or dilatory motives on the part of the movant" or if prejudice to the opponent results. *Nutton v. Sunset Station, Inc.*, 131 Nev. 279, 284, 357 P.3d 966, 970 (Ct. App. 2015) (internal quotation marks omitted).

No reasons for denial are present here. RCS timely moved to amend its pleadings three months before discovery closed and five months before trial. Additionally, RCS had disclosed Freddie Mac's interest in the loan as early as December 2016 in an interrogatory, putting TRP on notice for about six months, and TRP had sufficient time to conduct further discovery. The district court's determination that asserting additional facts would be extraordinarily prejudicial to TRP given that discovery was ending is erroneous.

We therefore hold that the district court abused its discretion in denying RCS leave to amend its complaint to assert additional facts regarding Freddie Mac's interest.

However, the district court did not err in denying RCS leave to amend to assert additional claims against Antigua. "Leave to amend should not be granted if the proposed amendment would be futile." *Halcrow, Inc. v. Eighth Judicial Dist. Court*, 129 Nev. 394, 398, 302 P.3d 1148, 1152

---

[2]The Nevada Rules of Civil Procedure were amended effective March 1, 2019. *See In re Creating a Committee to Update and Revise the Nevada Rules of Civil Procedure*, ADKT 522 (Order Amending the Rules of Civil Procedure, the Rules of Appellate Procedure, and Nevada Electronic Filing and Conversion Rules, Dec. 31, 2018). This order applies the pre-amendment versions of NRCP 15(a), which was in effect during the district court proceedings in this case.

(2013). We agree with the district court that the breach of contract, misrepresentation, and breach of covenant of good faith and fair dealing claims are futile under *SFR Investments Pool 1, LLC v. U.S. Bank*, 130 Nev. 742, 334 P.3d 408 (2014).

*The district court erred in granting summary judgment in favor of respondents*

RCS next argues that the district court erred in granting summary judgment in favor of TRP and Antigua. Specifically, RCS contends that the HOA foreclosure sale should have been set aside, because the price paid was grossly inadequate as a matter of law and the sale was infused with fraud, oppression, and unfairness given that there was no evidence that the notice of default was sent to Ocwen.[3] Reviewing a district court's grant of summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we reverse.

Summary judgment may be granted if the moving party shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." NRCP 56; *Shadow Wood Homeowners Ass'n, v. N.Y. Cmty. Bancorp, Inc.*, 132 Nev. 49, 55, 366 P.3d

---

[3]We reject RCS's argument that the mortgage saving clause in the CC&Rs constituted fraud, oppression, and unfairness. *See SFR Invs. Pool 1*, 130 Nev. at 757-58, 334 P.3d at 418-19 (holding that CC&R provisions protecting the first deed of trust were void and unenforceable under NRS 116.1104); *see also K&P Homes v. Christiana Tr.*, 133 Nev. 364, 367-68, 398 P.3d 292, 295 (2017) (applying *SFR*'s holding retroactively). RCS's reliance on *ZYZZX2 v. Dizon*, No. 2:13-CV-1307, 2016 WL 1181666 (D. Nev. March 25, 2016) is also misplaced because *ZYZZX2* is distinguishable. In *ZYZZY2*, the HOA sent a letter to the beneficiary and other interested parties affirmatively stating that the foreclosure would not affect the senior lender/mortgage holder's lien. *Id.* at *5.

1105, 1109 (2016). A genuine issue of material fact existed, however, regarding whether RCS's predecessor Ocwen received the notice of default as required by NRS 116.31168 and NRS 107.090.[4] *See U.S. Bank, Nat'l Ass'n ND v. Res. Grp., LLC,* 135 Nev., Adv. Op. 26, 444 P.3d 442, 445 (2019) (observing that a foreclosing HOA must provide notices of default and sale to the first deed of trust holder). Where adequate notice is not provided and the sale price is grossly inadequate—such as less than 15 percent of the property's fair market value—the deed of trust holder may be entitled to equitable relief. *Id.* at 448-49; *see Shadow Wood,* 132 Nev. at 60, 366 P.3d at 1112 ("[I]nadequate price is not enough to set aside that sale; there must also be a showing of fraud, unfairness, or oppression."); *see also Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon,* 133 Nev. 740, 749 n.11, 405 P.3d 641, 648 n.11 (2017) ("[I]rregularities that may rise to the level of fraud, unfairness, or oppression include an HOA's failure to mail a deed of trust beneficiary the statutorily required notices."). The district

---

[4]We reject TRP's argument that RCS's failure to raise the notice of default issue in opposing summary judgment constituted a waiver. RCS did not need to raise the notice issue in opposition. RCS's complaint alleged that the HOA and its trustee did not comply with all mailing and notice requirements under NRS Chapter 116. In moving for summary judgment, TRP failed to show that Ocwen properly received the notice of default. *See Cuzze v. Univ. & Cmty. College Sys.,* 123 Nev. 598, 602-03, 172 P.3d 131, 134 (2007) (noting that a moving party that does not bear the burden of persuasion may satisfy its burden by "(1) submitting evidence that negates an essential element of the nonmoving party's claim, or (2) pointing out . . . that there is an absence of evidence to support the nonmoving party's case") (internal quotation marks and citation omitted). Alternatively, as a counterclaimant, TRP had to "present evidence that would entitle it to a judgment as a matter of law in the absence of contrary evidence." *See id.* It failed to do so.

court did not consider whether Ocwen received the mandated notices and therefore erred in concluding that there were no genuinely disputed material facts. The district court also erred in concluding that TRP was protected as a bona fide purchaser where it did not consider what TRP knew or should have known about the potentially inadequate notice. *See Res. Grp.*, 135 Nev., Adv. Op. 26, 444 P.3d at 449. We accordingly conclude that the district court erred in granting summary judgment.[5]

In light of the foregoing, we hold that the district court erred in granting quiet title in favor of TRP.[6] We therefore

---

[5]We reject RCS's argument that the district court erred in granting summary judgment against its unjust enrichment and negligence claims, as RCS did not show it conferred a benefit, *see Certified Fire Prot. Inc. v. Precision Constr., Inc.*, 128 Nev. 371, 381, 283 P.3d 250, 257 (2012) (discussing unjust enrichment), and the economic loss doctrine barred the negligence and negligence per se claims, *Terracon Consultants W., Inc. v. Mandalay Resort Grp.*, 125 Nev. 66, 75, 206 P.3d 81, 87 (2009) ("[P]urely economic losses are not recoverable in tort absent personal injury or property damage.").

[6]Because we hold that the district court erred in quieting title in favor of TRP, we need not address RCS's arguments that the district court erred in denying its motions for reconsideration and to alter or amend.

 

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:    Chief Judge, The Eighth Judicial District Court
Hon. J. Charles Thompson, Senior Judge
Hon. Elizabeth Goff Gonzalez, District Judge
James A. Kohl, Settlement Judge
Wright, Finlay & Zak, LLP/Las Vegas
Boyack Orme & Anthony
Garman Turner Gordon
Hong & Hong
Eighth District Court Clerk