**135 Nev., Advance Opinion 26**

IN THE SUPREME COURT OF THE STATE OF NEVADA

U.S. BANK, NATIONAL ASSOCIATION ND, A NATIONAL ASSOCIATION,
Appellant,
vs.
RESOURCES GROUP, LLC,
Respondent.

No. 74575



FILED

JUL 03 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a judgment certified as final under NRCP 54(b) in a judicial foreclosure/quiet title action. Eighth Judicial District Court, Clark County; Timothy C. Williams, Judge.

*Vacated and remanded.*

Eglet Adams and Thomas Neal Beckom, Las Vegas; McCarthy & Holthus, LLP, and Kristin A. Schuler-Hintz, Las Vegas,
for Appellant.

Law Offices of Michael F. Bohn, Ltd., and Michael F. Bohn, Henderson,
for Respondent.

BEFORE PICKERING, PARRAGUIRRE and CADISH, JJ.

*OPINION*

By the Court, PICKERING, J.:

This is a homeowners' association (HOA) lien foreclosure dispute. The HOA did not give the first deed of trust holder the notice of default Nevada law requires to foreclose a superpriority lien. Despite this failure, the district court held that the lien foreclosure sale extinguished the

first deed of trust and quieted title in favor of the foreclosure sale buyer's successor. The district court found the first deed of trust holder was not entitled to notice at the address specified in the deed of trust, which was error. We vacate and remand for the district court to decide whether, given this notice defect, the first deed of trust holder deserves relief from the sale.

I.

Appellant U.S. Bank held a note secured by a publicly recorded first deed of trust on a home in a Nevada common interest community. The homeowner/borrower defaulted on his HOA dues, whereupon the HOA initiated lien foreclosure proceedings under NRS Chapter 116.[1] The HOA's agent, Alessi & Koenig, gave the homeowner proper notice of default and notice of sale and attempted to give U.S. Bank notice of default and notice of sale as well. But Alessi & Koenig misread U.S. Bank's deed of trust and sent the notice of default to another, unaffiliated entity, which evidently did not forward it to U.S. Bank. As a result, U.S. Bank did not receive the notice of default. Alessi & Koenig's records suggest it mailed the notice of sale, as distinguished from the notice of default, to U.S. Bank at the address specified for it in the deed of trust, but U.S. Bank's files do not show that it received either the notice of default or the notice of sale.

Alessi & Koenig set the HOA lien foreclosure sale to occur 33 days after it recorded the notice of sale. When no one appeared at the sale, Alessi & Koenig orally continued it for approximately 60 days. Neither the homeowner nor U.S. Bank attended the rescheduled sale. Respondent Resources Group, LLC's principal, Iyad Eddie Haddad, acquired the

---

[1]The references to NRS Chapter 116 are to the pre-2015 version of those statutes, which apply to this dispute. *See* 2015 Nev. Stat., ch. 266, §§ 1-9, at 1333-49.

property at the rescheduled sale for $5,331. The district court did not make a finding as to the property's fair market value, but the record suggests the bid price represented 10% to 15% of the property's fair market value. Haddad initially took title in the name of a trust he had created to acquire this particular property, then had the trust transfer the property to Resources Group.

The homeowner passed away, and his estate defaulted on the loan the U.S. Bank deed of trust secured. Several months after the HOA lien foreclosure sale, U.S. Bank commenced judicial foreclosure proceedings against the homeowner's estate on its deed of trust. Later, after it discovered the HOA sale, U.S. Bank added Resources Group as a defendant. Asserting that the HOA lien foreclosure sale had extinguished U.S. Bank's first deed of trust, Resources Group answered and counterclaimed for a judgment quieting title in itself.

The district court conducted a bench trial and ruled for Resources Group. It held that the HOA lien foreclosure sale extinguished U.S. Bank's deed of trust, leaving U.S. Bank nothing to judicially foreclose. The district court reasoned that U.S. Bank was not entitled to notice of default because it had not requested it from the HOA and that, alternatively, Alessi & Koenig gave adequate notice, even though the notice did not reach U.S. Bank. U.S. Bank appeals.

II.

U.S. Bank presses us to invalidate the HOA foreclosure sale because the person conducting the sale, Alessi & Koenig, failed to mail it the notice of default at the address specified for it in its deed of trust as NRS 116.31168 and NRS 107.090 require. U.S. Bank further argues that the notice defect renders the sale void under *Title Insurance & Trust Co. v. Chicago Title Insurance Co.*, 97 Nev. 523, 634 P.2d 1216 (1981), or at least

Supreme Court
of
Nevada

(O) 1947A

voidable under *Golden v. Tomiyasu*, 79 Nev. 503, 387 P.2d 989 (1963), and its progeny. We review the district court's legal conclusions de novo but give deference to its factual findings unless they are clearly erroneous or not supported by substantial evidence. *Wells Fargo Bank, N.A. v. Radecki*, 134 Nev., Adv. Op. 74, 426 P.3d 593, 596 (2018).

A.

1.

The district court decided this case before we decided *SFR Investments Pool 1, LLC v. Bank of New York Mellon*, 134 Nev., Adv. Op. 58, 422 P.3d 1248 (2018) (*SFR 3*). NRS Chapter 116 protects homeowners by requiring a foreclosing HOA to provide the homeowner a 90-day notice of default, followed by a separate notice of sale, before an HOA lien foreclosure sale can proceed. NRS 116.31162(1)(c); NRS 116.311635. In *SFR 3*, this court considered a certified question from Nevada's federal district court asking whether these statutory protections extend to a first deed of trust holder who fails to request notices of default and of sale from the HOA. 422 P.3d at 1249. We answered the certified question "yes." *Id.*

NRS 116.3116(2)(b) establishes a split-lien scheme that subordinates the first deed of trust to the superpriority portion of an HOA's lien. *SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. 742, 745, 334 P.3d 408, 411 (2014). NRS 116.31168 incorporates the notice requirements of NRS 107.090(3)(b) and (4), which mandate that notice of default and notice of sale go to "[e]ach . . . person with an interest whose interest or claimed interest is subordinate" to the lien being foreclosed, with or without a request therefor. Taken together, these statutes require an HOA seeking to foreclose a superpriority lien to send the holder of a recorded first deed of trust notices of default and of sale, even though the deed of trust holder has not formally requested them. *SFR 3*, 422 P.3d at 1251-53. Under *SFR 3*,

SUPREME COURT
OF
NEVADA

(O) 1947A

the district court erred when it ruled that U.S. Bank was not entitled to notice of default because it had not requested it.

2.

When this court answers a certified question from a federal court, its "role is limited to answering the question[ ] of law posed to it." *In re Fontainebleau Las Vegas Holdings*, 127 Nev. 941, 955, 267 P.3d 786, 794 (2011). "[T]he certifying court retains the duty to determine the facts and to apply the law provided by the answering court to those facts." *Id.* The certification order in *SFR 3* only asked whether NRS 116.31168 and NRS 107.090 require an HOA to provide notice of default and notice of sale to a first deed of trust holder absent a formal request therefor. *SFR 3*, 134 Nev., Adv. Op. 58 n.5, 422 P.3d 1253 n.5. The order did not include any facts suggesting notice had been attempted but failed. As a result, *SFR 3* did not consider the mechanics of how, without a formal request for notice, a foreclosing HOA should determine the address to which to send notice.

As *SFR 3* holds, NRS 116.31168(1) requires an HOA foreclosure sale to be conducted, insofar as a first deed of trust holder is concerned, "as if a deed of trust were being foreclosed." If U.S. Bank had filed a request for notices of default and sale under NRS 107.090(2), it would have been entitled to receive notice of default at the address specified in the request but it did not. Absent specific request, when a deed of trust is foreclosed, the notices of default and sale must be mailed to subordinate lienholders in a manner consistent with NRS 107.080, which sets forth the procedure for mailing notices to the property owner. *See* NRS 107.090(1), (3), and (4).[2] In

---

[2]The references in the text are to NRS 107.090 as written before its 2019 amendment. *See* 2019 Nev. Stat., ch. 238, § 15 (S.B. 382). The 2019 amendments affect the paragraph numbering, not the substance.

turn, NRS 107.080(3) and (4) (2010) (amended by 2019 Nev. Stat., ch. 238, § 9 (S.B. 382)), require the notice of default to be mailed to the property owner's current address "if known" and the notice of sale to be mailed to the property owners' "last known address."

As noted, U.S. Bank did not file a request for notice. Its publicly recorded deed of trust states that any required notice "shall be given by delivering it or by mailing it by first class mail to the appropriate party's address on page 1." Page 1, paragraph 1 of the deed of trust is entitled "DATE AND PARTIES" and generically lists three parties: "GRANTOR," "TRUSTEE," and "LENDER." For the Lender, it supplies the following name and address:

> LENDER:
>
> U.S. Bank National Association ND,
> a national banking association organized under
> the laws of the United States
> 4325 17th Avenue SW
> Fargo, ND 58103

Paragraph 2 confirms the "Lender," U.S. Bank, is the beneficiary of the deed of trust.

U.S. Bank's deed of trust provided Alessi & Koenig with a "known address" to which to send the notice of default, but Alessi & Koenig did not follow the instructions the deed of trust gave. Instead, Alessi & Koenig mailed the notice of default to a "return to" name and address appearing at the top left of the deed of trust opposite the recorder's stamp. U.S. Bank established through uncontroverted testimony at trial that it was not affiliated with the "return to" entity and did not receive the notice of default.

On this record, the district court clearly erred when it found that Alessi & Koenig gave U.S. Bank adequate notice of default. Since the

HOA was foreclosing both the superpriority and subpriority portions of its lien, notice of default needed to go to "the holder of the first security interest as a subordinate interest." *SFR 3*, 422 P.3d at 1252. A trustee or other person conducting a foreclosure sale must send notice of default to each person entitled to it at the address the recorded documents provide for that person (or in some instances, if different, their known or last known address). *See Title Ins. & Tr.*, 97 Nev. at 525-26, 634 P.2d at 1218. To give statutorily compliant notice, Alessi & Koenig needed to send the notice of default to U.S. Bank at the address specified for it in its publicly recorded deed of trust. *See Davis v. Beling*, 128 Nev. 301, 321, 278 P.3d 501, 515 (2012) (holding that if a contract's language is clear, it will be enforced as written). Confirming the point, Alessi & Koenig had in its file a title report that identified U.S. Bank as the deed of trust beneficiary—and Alessi & Koenig's files show it mailed the notice of sale, as distinguished from the notice of default, to U.S. Bank as Lender at the address listed for it on page 1, paragraph 1 of the deed of trust.

### B.

Alessi & Koenig's failure to mail U.S. Bank the notice of default at the address given for it in the recorded deed of trust violated NRS 116.31168 and NRS 107.090(3). U.S. Bank urges this statutory violation automatically voids the sale. As support, U.S. Bank cites *Title Insurance & Trust*, 97 Nev. at 526-27, 634 P.2d at 1218, which affirmed a district court decision that a foreclosure trustee's failure to give notice of default or notice of sale to the person entitled to receive it rendered the sale void. *See* 1 Grant S. Nelson & Dale A. Whitman, *Real Estate Finance Law* § 7:21, at 955 & n.8 (2014) (discussing defects that will render a foreclosure sale void or voidable and collecting cases holding that "a sale was void when . . . the mortgagee or trustee did not give statutorily required notice").

More recent cases suggest a notice/prejudice rule that limits *Title Insurance & Trust* to the since-amended statute, *see Miyayama v. Quality Loan Serv. Corp.*, No. 2:16-cv-00413-JAD-CWH, 2017 WL 132836, at *5 (D. Nev. Jan. 13, 2017), and extreme facts—the person entitled to notice in *Title Insurance & Trust* received *no* pre-sale notice *at all*, 97 Nev. at 527, 634 P.2d at 1218—it involved. Thus, in *West Sunset 2050 Trust v. Nationstar Mortgage, LLC*, 134 Nev., Adv. Op. 47, 420 P.3d 1032, 1035 (2018), we held that the first deed of trust holder's failure to allege prejudice resulting from the HOA's failure to mail notice of default to its assignor "dooms its claim that the defective notice [of default] invalidates the HOA sale." And in *Schleining v. Cap One, Inc.*, 130 Nev. 323, 330-31, 326 P.3d 4, 8-9 (2014), we upheld on an abuse-of-discretion standard a district court's determination that a lender's "substantial compliance" with NRS 107.095 (2009) (amended by 2019 Nev. Stat., ch. 238, § 16 (S.B. 382)), and the guarantor's failure to prove prejudice from the notice defect, excused the lender's failure to provide the guarantor with the notices of default and of sale required by NRS 107.095. Of note, in both *Sunset 2050* and *Schleining*, despite the statutory notice deficiencies, the party complaining about the defective notice came by actual notice of the foreclosure proceedings before the sale occurred. *W. Sunset 2050 Tr.*, 420 P.3d at 1035 (emphasizing that the HOA recorded the notice of default, so the assignee of the original deed of trust beneficiary had constructive notice of the notice of default, and received timely notice of sale); *Schleining*, 130 Nev. at 330, 326 P.3d at 8-9 (stating that "the district court properly found that Schleining had actual knowledge of the default and the pending foreclosure sale despite the lack of statutory notice").

SUPREME COURT
OF
NEVADA

(O) 1947A

Absent notice from some other source, failing to mail the statutorily required notice of default deprives the property owner of the minimum grace period the Legislature has mandated to give the deed of trust holder (or the homeowner) time to cure, compromise, or contest the default. *See Title Ins. & Tr.*, 97 Nev. at 526, 634 P.2d at 1218 (the statutes requiring notice of default and notice of sale reflect the Legislature's judgment that a person facing foreclosure "should have a reasonable opportunity to cure a default or deficiency before the property may be sold"). For the homeowner, the legislatively determined minimum grace period following a notice of default is 90 days, NRS 116.31162; for the first deed of trust holder, it is 80 days, *see* NRS 107.090(3).

At trial, U.S. Bank's collection officer testified that it was the bank's practice, on receiving a Nevada notice of default, to request payoff information and "pay the lien off . . . to protect our interest." The loan secured by the U.S. Bank deed of trust included a future advances clause and this witness testified that, had U.S. Bank received notice of default, it would have paid the lien off and charged its borrower. He also denied receiving notice from any other source of the homeowner/borrower's default or the notice of sale that followed.[3] This testimony, if credited, establishes the lack of notice and prejudice needed to void the sale.

---

[3]Resources Group argues that U.S. Bank effectively had 90 days because the original sale, which followed the notice of sale by 33 days, was orally continued for 60 days. If U.S. Bank did not receive the notice of sale, this argument is a nonstarter. It also does not address the fact that, assuming U.S. Bank received the notice of sale, the sale was orally continued just 33 days after the first notice U.S. Bank received, which is less than the notice of default grace period the Legislature has established.

SUPREME COURT
OF
NEVADA

(O) 1947A

The district court made no finding on actual notice or prejudice because of its erroneous findings that statutory notice of default was either unnecessary or acceptable. As we have held, Alessi & Koenig did not comply with the statutory requirement that it serve U.S. Bank with the notice of default, and U.S. Bank may or may not have received the notice of sale. If on remand the district court finds Alessi & Koenig did not substantially comply with NRS 116.31168 and NRS 107.090(3), that U.S. Bank did not receive timely notice by alternative means, and that U.S. Bank suffered prejudice as a result, the district court should determine whether, under NRS 107.080 (2011), it should declare the sale void to the extent it purports to extinguish U.S. Bank's deed of trust.[4] *See Nationstar Mortg., LLC v. Sahara Sunrise Homeowners Ass'n*, No. 2:15-cv-01597-MMD-NJK, 2019 WL 1233705, at *3 (D. Nev. Mar. 14, 2019) (holding that the foreclosure agent's failure to send a required party the notice of default rendered the foreclosure sale void when evidence demonstrated that the holder of the first deed of trust would have tendered the amount of the superpriority default had it received proper notice), *appeal docketed sub nom., Nationstar Mortg. LLC v. River Glider Ave. Tr.*, No. 19-15760 (9th Cir. Apr. 16, 2019); *Christiana Tr. v. SFR Invs. Pool 1, LLC*, No. 2:16-cv-00684-GMN-CWH,

---

[4]Resources Group does not argue that NRS 116.31166, respecting HOA deed recitals, affects the analysis. The recitals NRS 116.31166 establishes as conclusive do not include recitals respecting service of the notices of default and of sale. And, given Alessi & Koenig's failure to mail the notice of default to U.S. Bank, conclusory recitals attesting to proper notice of default would fail in any event. *See Albice v. Premier Mortg. Servs. of Wash., Inc.*, 239 P.3d 1148, 1154 (Wash. App. 2010) ("We are unwilling to accept a trustee's legal conclusions contrary to the actual facts of the foreclosure process as conclusive evidence where an accurate reporting of the facts would have shown the legal conclusions to be incorrect."), *aff'd*, 276 P.3d 1277 (Wash. 2012).

2018 WL 6603643, at *6 (D. Nev. Dec. 17, 2018) (holding an HOA foreclosure sale void due to the HOA's failure to notice the holder of the first deed of trust), *appeal docketed*, No. 19-15096 (9th Cir. Jan. 17, 2019). A void sale, in contrast to a voidable sale, defeats the competing title of even a bona fide purchaser for value. *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev., Adv. Op. 72, 427 P.3d 113, 121 (2018), *as amended on denial of reh'g* (Nov. 13, 2018) ("A party's status as a [bona fide purchaser] is irrelevant when a defect in the foreclosure renders the sale void."); *see Real Estate Finance Law*, § 7:21, at 953-54.

## C.

U.S. Bank has a fallback position: Even if the sale was not void, it was voidable, because the low sale price, notice deficiencies, and other irregularities establish that "the sale was affected by some element of fraud, unfairness, or oppression." *Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev. 740, 746, 405 P.3d 641, 646 (2017); *see Shadow Wood Homeowners Ass'n, Inc. v. N.Y. Cmty. Bancorp, Inc.*, 132 Nev. 49, 56, 366 P.3d 1105, 1110 (2016); *Golden v. Tomiyasu*, 79 Nev. 503, 514, 387 P.2d 989, 995 (1963). Under these cases, "mere inadequacy of price is not in itself sufficient to set aside the foreclosure sale, but it should be considered together with any alleged irregularities in the sales process to determine whether the sale was affected by fraud, unfairness, or oppression." *Shadow Canyon*, 133 Nev. at 749, 405 P.3d at 648. Though not determinative, "the price/fair-market-value disparity is a relevant consideration because a wide disparity may require less evidence of fraud, unfairness, or oppression to justify setting aside the sale." *Id.* The relationship is hydraulic: "where the inadequacy is palpable and great, very slight additional evidence of unfairness or irregularity is sufficient to

SUPREME COURT
OF
NEVADA

(O) 1947A

11

authorize the granting of the relief sought." *Id.* (quoting *Golden*, 79 Nev. at 515, 387 P.2d at 995).

The district court gave short shrift to U.S. Bank's claim that the sale was voidable under *Shadow Canyon*, *Shadow Wood*, and *Golden*. But its mistaken determination that U.S. Bank did not deserve (or received) statutorily compliant notice of default cramped its analysis. As discussed above, Alessi & Koenig failed to give U.S. Bank statutorily required notice of default. Our caselaw establishes that "irregularities that may rise to the level of fraud, unfairness, or oppression" that will render a sale voidable "*include an HOA's failure to mail a deed of trust beneficiary the statutorily required notices.*" *Shadow Canyon*, 133 Nev. at 749 n.11, 405 P.3d at 648 n.11 (emphasis added). While the district court did not determine what the property's fair market value was, the record evidence suggests that the $5,331 bid price fell somewhere between 10% and 15% of its fair market value. The grossly inadequate price, combined with the problems with the notice of default—even assuming U.S. Bank received the notice of sale—presents a classic claim for equitable relief under *Shadow Canyon*, *Shadow Wood*, and *Golden*. (Also concerning, but not addressed by the district court, was the evidence U.S. Bank offered respecting Haddad's attorney-client relationship with one of the lawyers at Alessi & Koenig.)

Resources Group counters that the district court found it was a bona fide purchaser for value (BFP) and that, while a *void* sale could defeat its title, a *voidable* sale cannot, defeating U.S. Bank's claim to equitable relief under *Shadow Canyon*, *Shadow Wood*, and *Golden*. *See Shadow Wood*, 132 Nev. at 63-66, 366 P.3d at 1114-16 (holding that a district court must consider a party's BFP status when balancing the equities in an action to quiet title following an HOA foreclosure sale). A BFP is one who "takes

the property for a valuable consideration and without notice of the prior equity, and without notice of facts which upon diligent inquiry would be indicated and from which notice would be imputed to him, if he failed to make such inquiry." *Shadow Wood*, 132 Nev. at 64, 366 P.3d at 1115 (internal quotation marks and citation omitted). The district court's misapprehension respecting U.S. Bank's entitlement to notice of default affected its decision that Resources Group was a BFP, because it made it unnecessary to consider what Resources Group's principal, Haddad, knew or should have known about the defective notice of default or other sale irregularities. We therefore vacate the district court's finding that Resources Group occupied BFP status.

Despite this, Resources Group urges us to affirm the BFP finding as a matter of law. As support, it points to Haddad's trial testimony that he made no inquiries of Alessi & Koenig about the notices of default and of sale and therefore did not have notice anything was amiss. But this argument proves too much. Haddad's trial testimony also established that he had extensive real estate and foreclosure sale experience, attending "five [foreclosure] sales a week, 52 weeks a year." While Haddad may not have had actual notice that Alessi & Koenig failed to give U.S. Bank proper notice of default, this does not mean he did not have inquiry notice, given his sophistication; the fact the sale had been continued and neither the homeowner nor U.S. Bank nor any other bidders appeared at the rescheduled sale; the allegations respecting his close relationship with Alessi & Koenig; and his acknowledgment in the bankruptcy that followed the sale that title to this property was contested. *See Albice*, 239 P.3d at

1157 (holding that "[a] purchaser is on notice if he has knowledge of facts sufficient to put an ordinarily prudent man on inquiry and a reasonably diligent inquiry would lead to the discovery of title or sale defects" and deeming it appropriate to "give substantial weight to a purchaser's real estate investment experience when determining whether a purchaser had inquiry notice"). Whether diligent inquiry by Haddad would have revealed the notice defect, or the other deficiencies alleged, are questions of fact for the district court to resolve. *See Shadow Wood*, 132 Nev. at 65-66, 366 P.3d at 1116.

## III.

The district court erred when it rejected U.S. Bank's objection that it did not receive statutorily compliant notice of default. This error affected the other claims in the case. We therefore vacate the partial judgment in favor of Resources Group and remand this case for further proceedings consistent with this opinion.

_____, J.
Pickering

We concur:

_____, J.
Parraguirre

_____, J.
Cadish

SUPREME COURT
OF
NEVADA

(O) 1947A

14