IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT AS TRUSTEE OF ARLP TRUST 3, Appellant, vs. SFR INVESTMENTS POOL 1, LLC, A NEVADA LIMITED LIABILITY COMPANY, Respondent. | No. 75871 |

FILED

OCT 24 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court final judgment after a bench trial in a quiet title action.[1] Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge. We review a district court's legal conclusions following a bench trial de novo, but we will not set aside the district court's factual findings unless they are clearly erroneous or not supported by substantial evidence. *Wells Fargo Bank, N.A. v. Radecki,* 134 Nev. 619, 621, 426 P.3d 593, 596 (2018).

We conclude that the district court erred in determining that appellant, as the beneficiary of record for the first deed of trust, lacked

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

19-43974

standing to assert that the first deed of trust was not extinguished by the foreclosure sale. While we appreciate respondent's argument that the true "injury" suffered when a deed of trust is extinguished ultimately falls on the note holder, neither the district court nor respondent have provided any authority for the proposition that the beneficiary of record must also be the note holder in order to establish standing.[2] *Cf. Nationstar Mortg., LLC v. SFR Invs. Pool 1, LLC*, 133 Nev. 247, 250-51, 396 P.3d 754, 757-58 (2017) (recognizing, albeit in a different context, that a recorded deed of trust beneficiary has standing to defend the deed of trust in litigation even though the beneficiary of record is not also the note holder).

Nor are we persuaded that we can affirm the district court's judgment on alternative grounds. Among other reasons but most notably, the district court found that that the Notice of Sale was not mailed to appellant's predecessor,[3] which, depending on circumstances not discernable from the district court's other factual findings, could render the HOA's foreclosure sale void or voidable. *See U.S. Bank, Nat'l Ass'n ND v.*

---

[2]Although *Edelstein v. Bank of New York Mellon*, 128 Nev. 505, 520, 286 P.3d 249, 259 (2012), discussed the consequences of splitting the note and deed of trust in the context of authority to *foreclose* on the deed of trust, appellant was not seeking to foreclose on the deed of trust in the underlying litigation.

[3]Although respondent contends that substantial evidence does not support this finding, we decline to rule on that issue in light of our decision to remand for further proceedings.

*Resources Grp., LLC*, 135 Nev., Adv. Op. 26, 444 P.3d 442, 447-49 (2019). In light of the foregoing, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[4]

_____, C.J.
Gibbons

_____, J.
Parraguirre

_____, Sr. J.
Douglas

cc:    Hon. Ronald J. Israel, District Judge
       William C. Turner, Settlement Judge
       Wright, Finlay & Zak, LLP/Las Vegas
       Kim Gilbert Ebron
       Eighth District Court Clerk

---

[4]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.