NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FIRST 100, LLC, | No.    18-17364 |
| Plaintiff-counter-defendant-Appellee, | D.C. No.<br>2:17-cv-01438-JCM-CWH |
| v. | |
| RTED NEVADA, LLC, | MEMORANDUM* |
| Defendant-counter-claimant-cross-claimant-Appellant, | |
| v. | |
| SCOTT B. OLIFANT; et al., | |
| Cross-defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted June 8, 2020**
San Francisco, California

Before:  M. SMITH and HURWITZ, Circuit Judges, and ROYAL,*** District

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Judge.

Robert Oggins bought a Nevada residence with a loan secured by a deed of trust. In 2013, Cenlar FSB acquired the deed of trust, naming Trustee Corps as trustee. After Oggins failed to pay property assessments, Valley del Paradiso Homeowners Association ("the HOA") mailed a Notice of Foreclosure Sale to Trustee Corps. The HOA subsequently acquired the Oggins property at a nonjudicial foreclosure sale on February 3, 2014. First 100, LLC eventually purchased the property, and Omni Financial, LLC later acquired an interest in it.

In 2014, First 100 brought this quiet title action against Cenlar in Nevada state court. After acquiring the deed of trust in 2016, RTED Nevada, LLC ("RTED") was named a defendant and crossclaimed against the HOA, Omni, the United States (which had a tax lien on the subject property), and others. After the government removed the action to federal court, the district court dismissed First 100's complaint with prejudice, and granted summary judgment to the HOA, finding that the 2014 foreclosure sale extinguished the Cenlar deed of trust. We have jurisdiction over RTED's appeal under 28 U.S.C. § 1291.[1] We vacate and remand.

---

*** The Honorable C. Ashley Royal, United States District Judge for the Middle District of Georgia, sitting by designation.

[1] After the district court dismissed First 100's complaint, the government did not pursue relief below and, although a named appellee, has disclaimed any interest in the outcome of this appeal. First 100 did not appeal the district court's dismissal of its complaint.

2

Under Nevada law, "proper foreclosure of the superpriority piece of the [HOA's] lien extinguishes a first deed of trust." *Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 642 (Nev. 2017). The Nevada statutes required the HOA to mail notice of a foreclosure sale to each "person with an interest whose interest or claimed interest is subordinate" to its lien, Nev. Rev. Stat. § 107.090(2)(b), (3), using the "last known address" as indicated on the publicly recorded deed of trust, *U.S. Bank, Nat'l Ass'n ND v. Res. Grp., LLC*, 444 P.3d 442, 446 (Nev. 2019) (quoting Nev. Rev. Stat. § 107.080(3), (4)).

RTED argues that summary judgment to the HOA was improper because RTED presented evidence that Cenlar did not receive notice of the foreclosure sale. The HOA presented evidence that it mailed the statutorily required notice to Trustee Corps. *See* Nev. Rev. Stat. § 107.090(2)(b), (3). But, a trustee's authority is generally limited to exercising "the power of sale with respect to the property," *see* Nev. Rev. Stat. § 107.080(1), (2)(c), and the record contains no evidence that Trustee Corps had broader agency on behalf of Cenlar.

The HOA's agent testified that its standard "procedure was to send certified mail, return receipt" to all lienholders with subordinate interests. However, the agent remembered nothing about this particular sale, and had no other evidence of service on Cenlar. Nor does the record contain any evidence that Cenlar had actual notice of the sale, a factor in establishing substantial compliance with the Nevada statutes.

*See Collegium Fund LLC Series 16 v. Deutsche Bank Nat'l Tr. Co.*, No. 74879, 2019 WL 2743518, at \*1 (Nev. June 26, 2019); *see also Saticoy Bay LLC Series 9050 W. Warm Springs 2079 v. Nev. Ass'n Servs.*, 444 P.3d 428, 435 (Nev. 2019).[2]  On this record, genuine factual disputes precluded summary judgment for either party.[3]

**VACATED AND REMANDED.**

**Each party to bear its own costs.**

---

[2]  Contrary to the HOA's assertions, the statutory presumption of validity of a foreclosure sale does not apply if the HOA does not satisfy or substantially comply with the statutory requirements.  *See Shadow Wood HOA v. N.Y. Cmty. Bancorp, Inc.*, 366 P.3d 1105, 1110 (Nev. 2016).

[3]  We accordingly decline to address the district court's denial of RTED's motion for leave to amend its answer.  The district court can address that motion anew on remand.