# IN THE SUPREME COURT OF THE STATE OF NEVADA

BDJ INVESTMENTS, LLC,
Appellant,
vs.
U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR CERTIFICATE
HOLDERS OF BEAR STEARNS ASSET
BACKED SECURITIES I LLC, ASSET
BACKED CERTIFICATES, SERIES
2006-AC5,
Respondent.

No. 77709

FILED

SEP 18 2020

ELIZABETH A BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court summary judgment and an order granting judgment on judicial foreclosure, certified as final under NRCP 54(b), in a judicial foreclosure action.[1] Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

Appellant BDJ Investments, LLC purchased the property at issue at a homeowners' association (HOA) foreclosure sale. Respondent U.S. Bank, National Association, beneficiary under the deed of trust, then filed a complaint for judicial foreclosure. BDJ answered and asserted counterclaims seeking a declaration quieting title, damages for slander of title, and an injunction against U.S. Bank. On competing motions for summary judgment, the district court found the HOA foreclosure sale void on several grounds and, in the alternative, set the sale aside on equitable grounds. It later entered an order granting judgment on judicial

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

20-34440

foreclosure, ordering that the property be sold at a sheriff's sale to satisfy U.S. Bank's lien. On appeal, BDJ challenges all bases for the district court's decisions and argues that the court should have quieted title in its favor. Because we conclude that the district court properly granted equitable relief as stated below, we need not address the parties' remaining arguments.

To obtain equitable relief, the party challenging the sale must demonstrate that there was an inadequate sales price and make a showing of fraud, oppression, or unfairness that brought about the inadequate price. *See Shadow Wood Homeowners Ass'n, Inc. v. N.Y. Cmty. Bancorp*, 132 Nev. 49, 56, 366 P.3d 1105, 1110 (2016); *Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev. 740, 747-49, 405 P.3d 641, 647-48 (2017). There is an inverse relationship between the sales price and the requisite fraud, oppression, or unfairness needed to set aside a sale. *See Nationstar*, 133 Nev. at 749, 405 P.3d at 648 ("[W]here the inadequacy [of price] is palpable and great, very slight additional evidence of unfairness or irregularity is sufficient to authorize the granting of the relief sought." (quoting *Golden v. Tomiyasu*, 79 Nev. 503, 515, 387 P.2d 989, 995 (1963))).

BDJ does not challenge the district court's finding that the sales price of 4.7% of the value of the property was grossly inadequate. As for fraud, oppression, or unfairness that brought about the low price, the record supports the district court's findings that the foreclosure agent did not send the notice of foreclosure sale to U.S. Bank and that U.S. Bank did not have actual notice of the sale. *See U.S. Bank, Nat'l Ass'n ND v. Res. Grp., LLC*, 135 Nev. 199, 203, 444 P.3d 442, 446 (2019) ("To give statutorily compliant notice, [the foreclosure agent] needed to send the notice . . . to U.S. Bank at the address specified for it in its publicly recorded [assignment].").  The

record also supports the district court's finding of irregularities with the postponement of the foreclosure sale. While an HOA can postpone a foreclosure sale under NRS 116.31164, there was no evidence that a new date or time was publicly announced and the HOA agent testified to not knowing of any communications with the auctioneer about postponement. Indeed, BDJ's owner testified to her surprise that the HOA was auctioning the property on the date of the foreclosure sale. The confusion regarding the postponement and that BDJ was the sole bidder on the property suggests that these irregularities affected the sales price. And, because U.S. Bank did not receive the notice of foreclosure sale, it could not attend the initially scheduled sale where it may have learned of the postponed sale date and acted to protect its interest in the property. Lastly, BDJ does not argue on appeal that it was a bona fide purchaser for value, and the record supports the district court's finding that it was not.

Taken together, we conclude that the record demonstrates the requisite fraud, oppression, or unfairness that brought about the grossly inadequate sale price to warrant equitable relief. *See Shadow Wood*, 132 Nev. at 56, 366 P.3d at 1110; *Nationstar*, 133 Nev. at 749, 405 P.3d at 648. Thus, we conclude that the district court did not abuse its discretion by setting aside the sale on equitable grounds, *see Res. Grp., LLC v. Nev. Ass'n Servs., Inc.*, 135 Nev. 48, 55, 437 P.3d 154, 160 (2019) (reviewing a decision regarding setting aside a foreclosure sale on equitable grounds for an abuse

of discretion), and by entering its subsequent final judgment and decree of judicial foreclosure in favor of U.S. Bank.[2] We therefore,

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:    Hon. Kathleen E. Delaney, District Judge
Ara H. Shirinian, Settlement Judge
Ghidotti Berger/Las Vegas
Ayon Law, PLLC
Fidelity National Law Group/Phoenix
Fidelity National Law Group/Las Vegas
Eighth District Court Clerk

---

[2]We reject BDJ's argument that reversal is warranted because U.S. Bank did not request equitable relief. U.S. Bank's complaint sought "any other relief as this court deems just and proper," and U.S. Bank sought equitable relief in its motion for summary judgment, which BDJ addressed on the merits and without objection. *See Shadow Wood*, 132 Nev. at 57-58, 366 P.3d at 1111 (requiring that a party invoke equitable relief); *see also* NRCP 15(b) (providing that "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings").