**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 19 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BANK OF NEW YORK MELLON, FKA Bank of New York, as successor in interest to JP Morgan Chase Bank, as trustee for Structured Asset Mortgage Investments, II, Inc. Bear Sterns Alta-A Trust 2005-9, | No.   19-16590 |
| | D.C. No. 2:16-cv-00478-JCM-GWF |
| Plaintiff-Appellant, | |
| v. | MEMORANDUM* |
| LAS VEGAS DEVELOPMENT GROUP, LLC; ROYAL HIGHLANDS STREET AND LANDSCAPE MAINTENANCE CORPORATION; AIRMOTIVE INVESTMENTS, LLC, | |
| Defendants-Appellees, | |
| and | |
| ALESSI & KOENIG, LLC, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

---

*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted November 17, 2020[]
San Francisco, California

Before: GRABER and BRESS, Circuit Judges, and DAWSON,[***] District Judge.

Bank of New York Mellon ("BNYM") appeals the district court's grant of summary judgment for Las Vegas Development Group, Royal Highlands Street and Landscape Maintenance Corporation ("HOA"), and Airmotive Investments on BNYM's claim to quiet title for a residential property in Las Vegas, Nevada. Reviewing de novo, *CitiMortgage, Inc. v. Corte Madera Homeowners Ass'n*, 962 F.3d 1103, 1106 (9th Cir. 2020), we affirm.

1.      BNYM argues that the foreclosure sale should be set aside because the HOA violated Nevada Revised Statutes section 116.31163,[1] which requires copies of the Notice of Default to be mailed to certain entities. To set aside the sale under Nevada law, BNYM had to show that the HOA failed to "substantially comply" with the statute's notice requirements by establishing (1) lack of actual notice and (2) prejudice. *U.S. Bank, Nat'l Ass'n ND v. Res. Grp., LLC*, 444 P.3d 442, 447–48 (Nev.

---

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas, sitting by designation.

[1]      All citations to the Nevada Revised Statutes are to the version of the code in effect at the time of the foreclosure sale.

2

2019). BNYM fails to make either showing. The Notice of Default was mailed to Mortgage Electronic Registration Systems, Inc. (MERS), BNYM's predecessor-in-interest. Americas Service Company (ASC) was BNYM's agent at the time, and the record shows that ASC also received actual notice through a March 2011 fax from Tamica Minor. In any event, BNYM fails sufficiently to allege any prejudice from the HOA's failure to mail the Notice of Default to ASC. *See id.* at 447.

2. BNYM also argues that the sale was void because the HOA failed to mail it the Notice of Sale, as required by Nevada Revised Statutes section 116.311635(1)(b). BNYM again fails to establish a lack of actual notice or prejudice. The HOA mailed a Notice of Sale to Quality Loan Service Corporation, which the parties do not dispute acted as BNYM's agent at the time. And, as noted above, MERS and ACS had actual notice that foreclosure proceedings had begun. In any event, nothing in the record suggests that BNYM would have paid the superpriority amount had it received the Notice of Sale, or that it would have attended the foreclosure sale and bid on the property. Without evidence of prejudice to BNYM, the sale cannot be declared void. *U.S. Bank*, 444 P.3d at 447.

3. BNYM also argues that the foreclosure sale should be set aside because the price was inadequate and the HOA failed to provide the statutorily required notice. Under Nevada law, "inadequacy of price, however gross, is not in itself a sufficient ground for setting aside a trustee's sale absent additional proof of some

3

element of fraud, unfairness, or oppression as accounts for and brings about the inadequacy of price." *Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 643 (Nev. 2017) (quotations omitted). BNYM fails to make that showing. Even if the sale price were inadequate and the HOA failed to provide statutory notice, BNYM offers no proof that the HOA's failure to provide notice "account[ed] for and [brought] about the inadequacy of [the] price." *Id.*

4. BNYM also challenges the foreclosure sale on due process grounds. It first argues that it was never mailed a copy of the Notice of Sale. But as noted, the HOA mailed the notice to BNYM's agent, Quality Loan Service Corporation. BNYM also challenges the contents of the Notice itself. But we have held that the contents of that Notice satisfy the requirements of due process. *Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 623–24 (9th Cir. 2019) (per curiam).

5. BNYM lastly raises a Takings Clause challenge to the foreclosure sale. But our recent decision in *Wells Fargo Bank, N.A. v. Mahogany Meadows Ave. Tr.*, No. 18-17320, 2020 WL 6498000 (9th Cir. Nov. 5, 2020), forecloses this argument.

**AFFIRMED.**

4