# IN THE SUPREME COURT OF THE STATE OF NEVADA

SATICOY BAY LLC SERIES 5733
OASIS RIDGE,
Appellant,
vs.
MARINERS ATLANTIC PORTFOLIO,
LLC,
Respondent.

No. 81058

FILED

JUN 3 0 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; David M. Jones, Judge.

Appellant, Saticoy Bay LLC Series 5733 Oasis Ridge (Saticoy), argues that the district court's order granting summary judgment for respondent, Mariners Atlantic Portfolio, LLC (Mariners), was erroneous because: (1) there is no dispute that GMAC Mortgage, LLC (GMAC) received notice of the foreclosure sale and the district court misapplied the notice/prejudice rule; (2) notice can be imputed to a deed-of-trust beneficiary through the beneficiary's foreclosure trustee; (3) Saticoy was a bona fide purchaser (BFP); and (4) the statute of limitations bars Mariners' counterclaim.

"We review the district court's grant of summary judgment de novo." *Jaramillo v. Ramos*, 136 Nev. 134, 135, 460 P.3d 460, 462 (2020). "Summary judgment is appropriate when the record shows that there is no genuine issue of material fact and the movant is entitled to judgment as a

21-18874

matter of law." *Id.* at 135, 460 P.3d at 463. "A factual dispute is genuine when the evidence is such that a rational trier of fact could return a verdict for the nonmoving party." *Id.* (quoting *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005)). "All evidence, and any reasonable inferences drawn from it, must be viewed in a light most favorable to the nonmoving party." *Id.* at 135-36, 460 P.3d at 463 (internal quotation marks omitted).

Saticoy argues that the notice of sale was mailed to GMAC, thereby satisfying statutory notice requirements, so the district court erred when it concluded that the foreclosure sale was void. Mariners argues that it presented an affidavit showing it never received the notice of sale, so the district court properly concluded that the sale was void.

At the time of the foreclosure sale in November 2013, NRS 116.31163(1) (2005) and NRS 116.31168(1) (1993) provided that a homeowners' association must comply with NRS 107.090 during the foreclosure of an HOA lien. Under NRS 107.090(3)-(4) (2009), the HOA Trustee was required to mail the notices of default and sale to GMAC's address. *See SFR Invs. Pool 1, LLC v. Bank of N.Y. Mellon*, 134 Nev. 483, 489, 422 P.3d 1248, 1253 (2018). In *U.S. Bank, Nat'l Ass'n ND v. Resources Group, LLC*, 135 Nev. 199, 203, 444 P.3d 442, 447 (2019), we set forth a "notice/prejudice rule" to assess whether the failure to mail a notice of default causes sufficient prejudice to void a foreclosure sale. We explained that prejudice was not present where, "despite . . . statutory notice [of default] deficiencies, the party complaining about the defective notice came by *actual notice* of the foreclosure proceedings before the sale occurred." *Id.* at 204, 444 P.3d at 447 (emphasis added). Because the notice of default was not mailed to GMAC, the relevant inquiry here is whether Mariners



received *actual notice* of the foreclosure proceedings before the sale occurred.

The record shows, and the district court found, that the notice of default was not mailed to GMAC. However, the parties cited contradictory evidence as to whether GMAC received actual notice of the foreclosure sale, which the district court did not acknowledge in its order. Saticoy argues that it presented undisputed evidence that showed the notice of sale was mailed to GMAC before the foreclosure sale took place. Mariners argues that the affidavit of Ron Millar shows that GMAC never received the notice of sale. Because of this, it is unclear whether GMAC received the notice of sale and therefore it is unclear whether GMAC was prejudiced by the HOA Trustee's failure to mail it the notice of default. A rational trier of fact, viewing that "evidence, and any reasonable inferences drawn from it, . . . in a light most favorable to the nonmoving party," could return a verdict for Saticoy, so a genuine issue of material fact remains in this case. *Jaramillo*, 136 Nev. at 135-36, 460 P.3d at 463 (internal quotation marks omitted). Thus, the district court erroneously granted Mariners' motion for summary judgment after concluding that the foreclosure sale was void.[1]

Saticoy also argues that it was a BFP, so the foreclosure sale should not be void despite its failure to provide Mariners with the notice of default. The district court concluded that because the foreclosure sale was void, whether Saticoy was a BFP was irrelevant. *See Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev. 604, 612, 427 P.3d 113, 121 (2018) ("A party's status as a BFP is irrelevant when a defect in the foreclosure

---

[1]Because we reverse the summary judgment on this issue, we need not reach Saticoy's second argument that notice can be imputed to a deed-of-trust beneficiary through the beneficiary's foreclosure trustee.

proceeding renders the sale void.")). However, because the district court erred in concluding that the foreclosure sale was void, we leave for the parties to litigate on remand whether Saticoy was a bona fide purchaser. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[2]

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. David M. Jones, District Judge
Roger P. Croteau & Associates, Ltd.
Wright, Finlay & Zak, LLP/Las Vegas
Eighth District Court Clerk

---

[2]The parties also dispute whether Mariners' counterclaim to quiet title was time-barred. The district court's summary judgment order dismissed Mariners' counterclaims as moot and did not address whether they were timely. We leave for the parties to litigate on remand what the applicable limitations period is, if any.