# FILED

NOV 17 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

WILMINGTON SAVINGS FUND
SOCIETY, FSB, Trustee for Stanwich
Mortgage Loan Trust A,

        Plaintiff-counter-
        defendant-Appellee,

  v.

YELLOWSTONE HOMEOWNERS
ASSOCIATION,

        Defendant,

 and

SATICOY BAY LLC SERIES 9338
WILDERNESS GLEN AVENUE,

        Defendant-counter-claimant-
        Appellant.

No. 20-15734

D.C. No. 2:17-cv-01775-JCM-BNW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted November 15, 2021[]
San Francisco, California

Before: SCHROEDER, W. FLETCHER, and MILLER, Circuit Judges.

Saticoy Bay LLC Series 9338 Wilderness Glen ("Saticoy") appeals the district court's grant of summary judgment to Wilmington Savings Fund Society, FSB ("Wilmington") in this quiet title action. The district court held that the homeowners' association's ("HOA") foreclosure sale to Saticoy was void for lack of notice. Bank of America, N.A. had originally held a deed of trust on the property when the HOA first recorded a notice of default against the property. After the HOA recorded an amended, second notice of default, Bank of America, N.A. assigned its interest to Christiana Trust ("Christiana"), a subsidiary of Wilmington. The HOA failed to send to Christiana and Wilmington either a notice of sale or a third notice of default amending a clerical error in the second notice of default. Because of the lack of notice, the district court concluded that the sale was void under Nevada law.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo. *Fed. Home Loan Mortg. Corp. v.*

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*SFR Invs. Pool 1, LLC*, 893 F.3d 1136, 1144 (9th Cir. 2018).  We vacate and remand to the district court for further proceedings consistent with this disposition.

The district court concluded that prejudice is irrelevant here because "[a] plaintiff must plead prejudice only when . . . 'substantial compliance' with the statute is at issue," and no compliance with notice statutes was attempted. However, in *U.S. Bank, National Ass'n ND v. Resources Group, LLC*, 444 P.3d 442 (Nev. 2019), the Nevada Supreme Court held that failure to provide notice to interested parties does *not* "automatically void[]" a foreclosure sale, *id.* at 446.  It adopted a "notice/prejudice rule" instead, *id.* at 447, under which three showings are required to void a sale: (1) that the HOA did not "substantially comply" with its statutory notice obligations, (2) that the complaining party (here, Wilmington) "did not receive timely notice by alternative means," and (3) that the complaining party "suffered prejudice as a result," *id.* at 448.  Prejudice is a necessary element of this test.  Though prejudice is an element of a substantial compliance claim in the statutory redemption context, *see Saticoy Bay LLC Series 9050 W Warm Springs 2079 v. Nev. Ass'n Servs.*, 444 P.3d 428, 434 (Nev. 2019), no Nevada case indicates that consideration of prejudice is limited to that context.

We therefore vacate and remand to allow the district court to evaluate in the first instance whether Wilmington has made a sufficient showing of prejudice.  *See*

3

*Shirk v. U.S. ex rel. Dep't of Interior*, 773 F.3d 999, 1007 (9th Cir. 2014) ("As a federal court of appeals, . . . we are a court of review, not first view." (internal quotation marks and citation omitted)).

**VACATED and REMANDED.**