**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

DEUTSCHE BANK NATIONAL TRUST
COMPANY, as Trustee for Residential
Asset Securitization Trust 2006-A3CB
Mortgage Pass-Through Certificates,
Series 2006-C,

        Plaintiff-counter-
        defendant-Appellant,

 v.

ALIANTE MASTER ASSOCIATION,

        Defendant-Appellee,

SFR INVESTMENTS POOL 1, LLC,

        Defendant-counter-claimant-
        cross-claimant-Appellee,

 and

NEVADA ASSOCIATION SERVICES,
INC.,

        Defendant,

 v.

No.   20-16141

D.C. No.
2:17-cv-02638-GMN-EJY

MEMORANDUM*

---

     * This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

NORMAN R. FLEMENS; MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC., as Nominee Beneficiary
for Meridias Capital, Inc.,

Cross-claim-defendants.

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Argued and Submitted April 13, 2023
San Francisco, California

Before: S.R. THOMAS and KOH, Circuit Judges, and RAKOFF,[**] District Judge.

Deutsche Bank National Trust Company ("Deutsche") appeals the district

court's grant of summary judgment for SFR Investments Pool 1, LLC ("SFR") and

Aliante Master Association ("Aliante") and dismissal of certain claims as untimely

in an action alleging claims arising out of a nonjudicial foreclosure by the

homeowners association ("HOA"), Aliante, on real property in Nevada. We have

jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's

decision on cross motions for summary judgment and consider, "viewing the

evidence in the light most favorable to the nonmoving party, whether there are

genuine issues of material fact and whether the district court correctly applied the

---

[**] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

relevant substantive law." *Csutoras v. Paradise High Sch.*, 12 F.4th 960, 965 (9th Cir. 2021) (citation omitted). We also review de novo whether a claim is barred by a statute of limitations, *Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 743 n.5 (9th Cir. 2019), and a district court's interpretation of state law, *Platt v. Moore*, 15 F.4th 895, 901 (9th Cir. 2021). We affirm in part, reverse in part, and remand for further proceedings.[1] Because the parties are familiar with the factual and procedural history of the case, we need not recount it here.

1.  The foreclosure sale is not void based on statutory notice defects, because Deutsche did not make the necessary showing of prejudice to a party with an interest in the deed of trust. *U.S. Bank v. Res. Grp., LLC* ("*Resources Group II*"), 444 P.3d 442, 447–48 (Nev. 2019) (in order to void the sale, the notice deficiency must prejudice an interested party). Indeed, Deutsche did not produce evidence suggesting that any party would have acted to preserve the deed of trust if Deutsche had received the proper notice.

2.  The district court granted summary judgment for SFR on Deutsche's as-applied due process claim. However, the district court restricted its analysis to whether the statutory scheme violated due process and did not separately consider whether the notice given here met the constitutional requirement that the notice be

---

[1] We also deny SFR's motion to supplement its answering brief (Dkt. 82).

"reasonably calculated to apprise" interested parties of the sale. *See Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798 (1983). We remand to the district court for reconsideration of the as-applied due process challenge, including whether Deutsche's claim satisfies the state action element of a due process claim. *See Bourne Valley Ct. Tr. v. Wells Fargo Bank*, 832 F.3d 1154, 1160 (9th Cir. 2016); *see also Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage*, 388 P.3d 970, 973–74 (Nev. 2017).[2]

3.      Aliante foreclosed on a valid superpriority portion of its lien. The superpriority component of an HOA lien consists of "the last nine months of unpaid HOA dues and maintenance and nuisance-abatement charges." *SFR Invs. Pool 1, LLC v. U.S. Bank*, 334 P.3d 408, 411 (Nev. 2014) (partially superseded on other grounds). To foreclose on a superpriority lien, an HOA must provide a notice of delinquent assessment lien that "states the amounts of assessments and other sums which are due." Nev. Rev. Stat. § 116.31162(1)(a) (West 2011). Although the recorded notice of lien only referenced the borrower's subpriority debt from violations and related collection costs, the borrower was delinquent on

---

[2] Deutsche has standing to raise the due process issue as the successor-in-interest of the beneficiary of the deed of trust at the time of the foreclosure sale. *See Sprint Commc'ns Co. v. APCC Servs., Inc.*, 554 U.S. 269, 285 (2008).

his common assessment fees at the time of the original notice,[3] and Aliante later sent an additional notice to the borrower encompassing the superpriority assessment fees. Aliante also timely instituted proceedings to enforce the lien, because it provided notice to the borrower less than three years after the assessments became due. *See id.* § 116.3116(5); *Saticoy Bay LLC Series 2021 Gray Eagle Way v. JPMorgan Chase Bank*, 388 P.3d 226, 231 (Nev. 2017).

4. We remand appellant's claim that the sale is voidable under equity because there may be a genuine issue of material fact. *See Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon* ("*Shadow Canyon*"), 405 P.3d 641, 643 (Nev. 2017). A sale is voidable under equity and may therefore be set aside "if the totality of the circumstances demonstrates that the sale itself was affected by fraud, unfairness, or oppression." *U.S. Bank v. White Horse Ests. Homeowners Ass'n*, 987 F.3d 858, 864 (9th Cir. 2021) (alteration made) (citations and internal quotation marks omitted). Because the sales price was low—approximately five percent of the property's fair market value—Deutsche need only produce "slight evidence of fraud, unfairness, or oppression that affected

---

[3] Deutsche has not shown error in the district court's determination that the contemporaneous ledgers not reflecting this delinquency failed to establish a genuine issue of material fact on this point.

the sale." *See id.*; *see also Resources Group II*, 444 P.3d at 449 (sales price between ten and fifteen percent of fair market value was "grossly inadequate").

It appears that the district court did not apply this lenient standard. Rather, it found that Deutsche "cannot establish that the sale was affected by fraud, unfairness, or oppression" because Deutsche "has not established that [the] HOA's failure to send notice to MERS constitutes unfairness [a]ffecting the sale by resulting in . . . chilled bidding." Therefore, we remand to the district court to clarify whether—after a balancing of the equities and under the totality of the circumstances—Deutsche produced slight evidence that it was "confused or otherwise prejudiced" by "fraud, unfairness or oppression" that affected the sale. *See Shadow Canyon*, 405 P.3d at 650; *see also Res. Grp., LLC v. Nev. Ass'n Servs., Inc.*, 437 P.3d 154, 160 (Nev. 2019) ("[C]ourts sitting in equity are required to analyze the totality of the circumstances when determining whether to set aside an HOA foreclosure sale on equitable grounds."). On remand, the district court should also consider SFR's bona fide purchaser status in the first instance. *See Friedman v. AARP, Inc.*, 855 F.3d 1047, 1057 (9th Cir. 2017) (noting that, as a general rule, this court "do[es] not consider an issue not passed upon below").

5.     The district court correctly granted summary judgment on Deutsche's contract-based claims.  Even assuming both that Deutsche's contract claims remain

6

viable when Chapter 116's provisions are nonwaivable and that the covenants, conditions, and restrictions ("CC&Rs") constitute an enforceable contract, Deutsche is not an intended third-party beneficiary of the CC&Rs. "To obtain [intended third-party beneficiary] status, there must clearly appear a promissory intent to benefit the third party . . . , and ultimately it must be shown that the third party's reliance thereon is foreseeable." *Lipshie v. Tracy Inv. Co.*, 566 P.2d 819, 824–25 (Nev. 1977). The limited references to lenders in the CC&Rs do not demonstrate the necessary "promissory intent to benefit the third party." *Id.* at 824.

6. The district court dismissed Deutsche's unjust enrichment, negligence, negligence per se, misrepresentation, and wrongful foreclosure claims as untimely based on an accrual date of the foreclosure sale. During the pendency of this appeal, the Nevada Supreme Court held that "an HOA foreclosure sale—standing alone—does not sufficiently call the bank's deed of trust into question to trigger the statute of limitations" in a quiet title action. *U.S. Bank v. Thunder Props., Inc.* ("*Thunder Properties*"), 503 P.3d 299, 307 (Nev. 2022). We

7

remand for the district court to reconsider the accrual date of these claims in light

of *Thunder Properties.*[4]

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED.**

---

[4] Untimeliness under *Thunder Properties* does not present alternative grounds to affirm the district court's grant of summary of judgment for SFR and Aliante on the quiet title claims. *Thunder Properties* held that a four-year statute of limitations applies to quiet title claims. 503 P.3d at 305–06. However, "some affirmative action" on the buyer's part, in addition to the foreclosure sale, is required to trigger the limitations period. *Id.* at 306. SFR and Aliante have not made that showing on the existing record. However, we do not preclude the district court from examining that question in the first instance on remand.