NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 10 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PHH MORTGAGE CORPORATION,

          Plaintiff-ctr-defendant -
Appellee,

  v.

CORPOLO AVENUE
TRUST, RESOURCES GROUP,
LLC, SOUTHERN HIGHLANDS
COMMUNITY ASSOCIATION, ALESSI
& KOENIG, LLC, TRIANA
HOMEOWNERS
ASSOCIATION, REPUBLIC SILVER
STATE DISPOSAL, FAISSAL AHMEAD,

          Defendants,

TEAL PETALS STREET TRUST,

          Defendant-ctr-claimant -
Appellant.

No. 24-1880

D.C. No.
2:16-cv-02653-APG-NJK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted March 31, 2025
Phoenix, Arizona

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: HAWKINS, FISHER[**], and R. NELSON, Circuit Judges.

Teal Petals Street Trust ("Teal Petals") appeals the district court's summary judgment order declaring void a foreclosure sale of the real property located at 3762 Corpolo Avenue in Las Vegas, Nevada (the "Property") in a quiet title action brought by Ocwen Loan Servicing, LLC ("Ocwen"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the grant of summary judgment, *see CitiMortgage, Inc. v. Corte Madera Homeowners Ass'n*, 962 F.3d 1103, 1106 (9th Cir. 2020), and affirm.

The district court correctly determined that the foreclosing homeowners association ("HOA") was obligated to but failed to send the statutorily required notices to the Mortgage Electronic Registration Systems, Inc. ("MERS"). The Nevada Supreme Court has determined that a deed of trust beneficiary is a "person[] whose interests were subordinate" to the HOA's super-priority lien, *SFR Invs. Pool 1, LLC v. Bank of N.Y. Mellon*, 422 P.3d 1248, 1252 (Nev. 2018), such that an HOA must send the deed of trust beneficiary the requisite notices, *Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 648 n.11 (Nev. 2017). It is undisputed that the deed of trust on the Property designates MERS as

---

[**] The Honorable D. Michael Fisher, United States Circuit Judge for the Court of Appeals, 3rd Circuit, sitting by designation.

the beneficiary. Under Nevada law, that designation controls. *See Edelstein v. Bank of New York Mellon*, 286 P.3d 249, 258–59 (Nev. 2012). Accordingly, the HOA was obligated to send the relevant notices to MERS, and Teal Petals does not dispute that the HOA failed to do so.

The undisputed record also demonstrates that MERS did not receive actual notice from any other source and that Ocwen's predecessor, GMAC Mortgage LLC ("GMAC"), was prejudiced by the lack of notice to MERS. The district court did not abuse its discretion by considering the declarations of Franklin Annand and Benjamin Verdooren. *See SEC v. Phan*, 500 F.3d 895, 912–13 (9th Cir. 2007). This evidence, which established that MERS had no record of the notices of lien, default, or sale, was sufficient to rebut any presumption that the original lender, in its usual course of business, forwarded the notices to MERS. *See* Nev. Rev. Stat. § 47.250(18)(c). The evidence also established that MERS forwarded to GMAC any notices MERS received regarding the Property and that, upon receiving a notice of default, GMAC would pay off the HOA lien. *See U.S. Bank, Nat'l Ass'n ND v. Res. Grp., LLC*, 444 P.3d 442, 447 (Nev. 2019) ("At trial, U.S. Bank's collection officer testified that it was the bank's practice, on receiving a Nevada notice of default, to request payoff information and 'pay the lien off . . . to protect our interest.' . . . This testimony, if credited, establishes the lack of notice and prejudice needed to void the sale.").

Therefore, the district court permissibly determined that the foreclosure sale was void and did not extinguish Ocwen's deed of trust because the undisputed record demonstrates that (1) the HOA did not substantially comply with the statutory notice requirements; (2) MERS did not receive actual notice from another source; and (3) Ocwen's predecessor was prejudiced by the lack of notice. *See id.* at 447–48.

**AFFIRMED.**